PER CURIAM.
Stewart appeals the denial of his motion for a new trial.
*711 Appellant was tried for and convicted of rape. In a motion for new trial, appellant’s attorney alleged that one week after his conviction appellant informed him that under another name he had previously been found legally insane and had been hospitalized as a mental patient. The newly discovered evidence consisted of testimony by a court-appointed psychologist and psychiatrist that appellant was insane. The motion also alleged that due diligence had been exercised by the defense to determine the possibility of psychiatric defense. Appellant also moved for a postponement of sentencing and a mental examination by court-appointed experts.
A hearing was held on the motion. It was agreed (barring later evidence to the contrary) that appellant was the same individual who had been charged with robbery under the name Johnny Triplett. Documents showed that Triplett had been charged with robbery but had been adjudicated insane prior to trial and committed. Subsequently, Triplett was certified as competent by hospital authorities and returned for trial. However, once again he was examined by court-appointed doctors, adjudicated insane, and committed. This last adjudication occurred slightly over two years before this offense.
A court-appointed psychologist and a court-appointed psychiatrist agreed that appellant was currently incapable of assisting his attorney in his defense. They also concurred that appellant was probably insane at the time of the offense. The psychiatrist testified that appellant had confided that he did not reveal his prior commitment because he believed he could “beat the rap.” The psychiatrist also testified that appellant’s grandiose belief he could escape conviction could have been a product of his psychosis.
The court denied the motion for a new trial. However, appellant was adjudicated insane so as to preclude sentencing. It was ordered that he be committed until found competent for sentencing. Subsequently, appellant was returned for sentencing. Another hearing was held and psychiatric testimony was received which indicated appellant was presently competent. A 30-year sentence for rape was imposed. This appeal followed.
Rule 3.600 Fla.R.Crim.P. requires the granting of a new trial when new and material evidence has been discovered which could not have been discovered with reasonable diligence and which if introduced at trial would probably have changed the result. The evidence that appellant had previously been judicially determined to be incompetent to stand trial would have been sufficient to require granting a new trial if it were “newly discovered.” Defense counsel exercised due diligence in attempting to determine whether there was the basis for an insanity defense. Obviously the evidence here was not “newly discovered” in that appellant was aware he had previously been adjudicated under another name.[1] However, testimony at the hearing on the motion for a new trial indicated that appellant was then incompetent to assist counsel and may not have divulged his previous commitment due to his mental condition. In other words, appellant may not have told his attorney he was incompetent because he was indeed incompetent.[2]
The determinative question is whether or not appellant was competent at the time of his trial. If not, he is entitled to a new trial. Accordingly, the cause is temporarily remanded to the trial court with directions that a full-scale hearing on the allegation of insanity at the time of *712 trial be held.[3] Both sides should have the opportunity to present expert testimony on the question and the opportunity to cross-examine the witnesses of the opposing party. The trial court shall enter appropriate orders to allow examination of appellant by expert witnesses.
If the court determines the defendant was insane at the time of the trial, it should vacate the judgment and sentence, and give appellant an opportunity to replead and schedule a new trial. If upon such hearing the trial court determines that the defendant was sane at the time of trial, the court is ordered to forthwith transmit the entire record of the case, including a copy of the trial judge’s order finding defendant sane, back to this court.
Accordingly, the cause is remanded for further proceedings not inconsistent with this opinion.
HOBSON, A. C. J., and GRIMES and SCHEB, JJ., concur.

. Cf. Luster v. State, 262 So.2d 910 (Fla.3d DCA 1972).

. The dilemma is reminiscent of that of Joseph Heller’s fictional bomber pilot Orr in the novel Catch-22. The flight surgeon conceded that Orr had to be crazy to fly more than the quota of combat missions without protest but regulations provided that no one could be grounded unless he requested it. However, if Orr sought to be grounded he would not be because anyone who made such a request was obviously sane since a concern for one’s own safety in the face of real and immediate danger is the product of a rational mind. ,

. Cf. Fowler v. State, 255 So.2d 513 (Fla.1971).