PER CURIAM.
McCants appeals the judgment and sentence rendered below, finding him guilty of resisting arrest with violence, alleging the trial court failed to order a competency hearing. We agree with appellant and reverse.
During appellant’s trial, he appeared as a witness in his own behalf. A thorough review of the record on appeal shows McCants as incoherent and irrational throughout his trial. When asked to swear on the Bible, appellant responded: “That’s the Gideon Bible? They were raging battle *279 and said with ya’ll effect and clapped with their hands and left handed war, I don’t remember and get somebody else.”
When asked to give his rendition of the incident resulting in his arrest, appellant responded:
I said, “Boy, you are something else.” I said, “you mess around, I don’t know who she was. I told you Friday night who she was, the cashier or the proprietor or whoever was running the place, you know.” And any way she had a black, she was black and blonde. I just look at her, you know. So, he said something. I said, “Yeah, Bill.” (Defendant loudly laughing) “I heard you ain’t as good as you use to be.” I guess I must have made him angry. I said, “Man, you ain’t, you know the best way.” (Defendant, loudly laughing and making mannerisms with his hands) But, that was over with, you know. He had been over there quite a while and as far as speaking English dialect and breaking down to the time the English about to go to war. Okay, the flag made mad like that and red like our flag. We still like America. You know we kicked each other around and came to. So, they were coming up to fight each other, you know, and they were saying— (Defendant singing) You know, they stopped. They said (Defendant singing). You know, they and you know they were getting ready to get down and taking off and say, “Mine is mine, and yours is mine.” Why they come in tonight. From whence came this. Okay, like trolls they were talking rods and nops and bobs and elbows and shooting — (Defendant talking incoherently) — and pass them over and in the side. (Defendant pounding on table top) And be over in an hour. So, Sagen said, “We are all religious, let’s return home.” And black queen Katherine said our queen is Cumberlaine and chamberlight. There is a place that says Cámelot came in the castle and that was someone loved to hear, you know, and truly tried right pors and poet, everything doesn’t rhyme. I was thinking about a friend and no matter where he went he always be thinking of me.
His other testimony was equally nonsensical. The record reflects that throughout appellant’s trial he laughed, made obscene gestures, sang, tried to leave the courtroom, jumped up from the witness stand, and even tried to take the top off the witness stand.
The jury returned a guilty verdict, but recommended appellant receive psychiatric help, to which the trial court agreed.
In Lane v. State, 388 So.2d 1022 (Fla.1980), the Supreme Court, in discussing competency to stand trial, stated: “[T]he law is now clear that the trial court has the responsibility to conduct a hearing for competency to stand trial whenever it reasonably appears necessary, whether requested or not, to ensure that a defendant meets the standard of competency set forth in Dusky.”[1]
The Florida Supreme Court, in Lane, supra, cited Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), and agreed that even when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competency to stand trial. 420 U.S. at 180-181, 95 S.Ct. at 908.
This court recognizes the Lane holding that intentional action by a defendant does not avoid or eliminate the necessity of applying the test of whether a defendant has sufficient present ability to assist counsel with his defense and to understand the proceedings against him. However, after a thorough examination of the record in this case, it is clear that there is considerable doubt concerning appellant’s present competency at the time of trial.
Accordingly, we vacate the judgment below and remand for a new trial at which time the trial court shall give appellant a *280 pre-trial hearing to determine mental competency.
SHIVERS, SHAW and THOMPSON, JJ., concur.

. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).