439 So.2d 265 (1983)
STATE of Florida, Appellant,
v.
Jerry Willis HARRIS, a/K/a Rudolph Maximum Harris, Appellee.
No. 82-2404.
District Court of Appeal of Florida, Second District.
September 16, 1983.
Rehearings Denied October 26, 1983.
*266 Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellee.
CAMPBELL, Judge.
The state appeals the trial judge's orders granting appellee's motion in arrest of judgment directed toward the robbery count of an indictment and a renewed motion for judgment of acquittal directed to a first-degree murder count in the same indictment. This appeal raises difficult questions concerning post-trial motions, the state's right to appeal certain rulings, and the felony murder rule.
Appellee and two comrades, having decided to commit a robbery, drove to a restaurant called Bohemian Joe's. Appellee then entered the restaurant while the other two sat outside on some nearby benches. Once inside, appellee robbed the proprietor, Josef Tolar, beating him to death in the process. Appellee was eventually arrested, and a grand jury later returned a two-count indictment against him. Count I charged him *267 with premeditated first-degree murder, and count II charged him with robbery.[1]
Appellee waived a jury trial, and prior to the bench trial, appellee filed a motion to dismiss, arguing inter alia that the robbery count failed to allege a specific intent to permanently deprive the owner of his property. The trial judge denied this motion.
During the trial, appellee's counsel moved for a judgment of acquittal at the close of the state's case, arguing that the evidence was insufficient to prove a prima facie case of premeditated murder. Counsel also attacked the robbery count, noting that robbery was a specific intent crime and that the indictment had not charged specific intent. The judge asked if felony murder had been charged, and the assistant state attorney stated that by charging first-degree premeditated murder, the state was entitled to proceed on that theory or under the felony murder theory. At that time, the trial judge expressed some concern about the indictment because count I charged only a murder with no mention of the robbery in that count. However, after further discussion, he denied the motion. The state, while conceding throughout the proceedings that robbery was a specific intent crime, argued that the indictment need not allege the specific intent if it tracked the language of the robbery statute, section 812.13(1), Florida Statutes (1981).
The defense then presented its case, and at the close of all the evidence, appellee's counsel again moved for acquittal, and the judge again denied the motion. Eventually, the judge found appellee guilty of first-degree felony murder and of robbery. Upon request, he deferred sentencing so that appellee's counsel could better prepare some post-trial motions.
At the sentencing hearing, appellee's counsel renewed his motion for judgment of acquittal and moved for a new trial and for an arrest of judgment. In the motion for arrest of judgment, counsel argued that the robbery count of the indictment was fatally defective because it failed to allege specific intent to permanently deprive. He maintained that because of the defective nature of the robbery count in the indictment, appellee could not be found guilty of felony murder. He also argued that the judgment should be arrested because count I of the indictment charged only premeditated murder and not felony murder.
After the state responded, appellee's counsel presented arguments on the renewed motion for judgment of acquittal. Counsel argued that though the state had proved a prima facie case of robbery, the defense of voluntary intoxication negated this and that in addition the robbery count had not been properly alleged. The trial judge, in finding appellee guilty, at the time specifically noted the evidence relating to the defense of voluntary intoxication but found that other evidence outweighed the evidence that appellee's intoxication had rendered him unable to form a specific intent. The discussion then turned once more to a consideration of the robbery count of the indictment. The judge again expressed some concern about this count, saying that the state had failed to allege a specific intent to permanently deprive. After reviewing *268 the trial transcript, the judge reaffirmed that he had found appellee not guilty of premeditated murder. He then found that the robbery allegation in count II was improperly made. Then, because of his earlier finding of not guilty on the premeditated murder charge and because he had decided that the robbery count was defective, he believed he could no longer find appellee guilty of first-degree felony murder and so found him guilty of second-degree murder. The assistant state attorney tried to continue the discussion and get the judge to be more specific with his ultimate findings. The assistant state attorney did so primarily because the judge had found during the trial that appellee and his companions went to the restaurant intending to rob. The judge said he "was backing off" that finding because of the defective allegation in count II of the indictment, and when the assistant state attorney tried to press the matter further, the judge became impatient with him and terminated any further discussion. Nevertheless, the assistant state attorney disagreed with the judge's finding, and with permission he made a proffer, saying that even though the robbery count was dismissed as defective, appellee could still be found guilty of felony murder under count I alone. The judge then sentenced appellee to fifty years in prison, denied the motion for new trial, granted the renewed motion for judgment of acquittal as to the first-degree murder count, granted the motion in arrest of judgment as it pertained to the robbery count and denied it as it pertained to the murder count, and found appellee guilty of second-degree murder.
The judge later entered two separate written orders. One order granted the motion in arrest of judgment because of defective allegations in the robbery count. The order also stated that count I charging first-degree murder was not defective. The other order granted the renewed motion for judgment of acquittal as to the first-degree murder count by stating that there was insufficient evidence to support that count. Though that was the stated reason for granting the motion, the actual reason for granting it becomes apparent upon a close examination of the record, which we now undertake.
Initially, however, we must determine whether we have jurisdiction to review these orders. This jurisdictional point was neither raised nor discussed in the briefs. We did direct that the parties respond to that issue in regard to motions that were filed in this appeal. The judge granted appellee's motion in arrest of judgment as it related to the robbery count of the indictment, and the state may properly appeal such an order pursuant to Florida Rule of Appellate Procedure 9.140(c). Therefore, the motion in arrest of judgment is properly before us, and we can review it.
We have more difficulty with what has been labeled as an appeal from the order granting the motion for judgment of acquittal. In considering the propriety of reviewing the renewed motion for judgment of acquittal, we note that in State v. Brown, 330 So.2d 535 (Fla. 1st DCA 1976), following a jury trial, the defendant filed what was then called a "motion of acquittal notwithstanding the verdict," which the trial court granted. The state appealed, but the appellate court granted a motion to quash that appeal, pointing out that the state cannot appeal a judgment of acquittal. Furthermore, in Watson v. State, 410 So.2d 207 (Fla. 1st DCA 1982), the court noted that once a trial court grants a motion for judgment of acquittal after a jury trial, there can be no retrial even if the court's ruling is based on an erroneous interpretation of governing legal principles.
Brown also recognizes that a defendant may renew a motion for judgment of acquittal following an adverse jury verdict, and Florida Rule of Criminal Procedure 3.380(c)[2] codifies this practice. However, *269 the plain language of this rule limits it to those situations in which a jury returns a guilty verdict. Construing 3.380(c) to include nonjury trials would read language into the rule which we are unwilling to do. Our reading of rule 3.380(c) is bolstered by comparing it with Florida Rule of Criminal Procedure 3.580.[3] That rule, unlike rule 3.380(c), specifically addresses jury and nonjury trials and allows the court to grant a new trial either after a jury verdict of guilt or a finding of guilt by the court. Thus, appellee could not make a renewed motion for judgment of acquittal in the nonjury trial below, and the trial judge, at least technically, had no jurisdiction to entertain such a motion. That being so, the trial judge may have been vulnerable to a timely writ of prohibition.
Nevertheless, we believe that we can, in fact, review the order granting the acquittal motion on this direct appeal by the state. The written order granting that motion states that it is granted because of insufficient evidence to support a first-degree murder conviction. However, a thorough review of the record clearly indicates that the judge actually granted this motion because the robbery allegation in the indictment did not charge specific intent and because of his erroneous belief that in order to sustain a first-degree felony murder conviction on a count charging premeditated murder, there had to be a separate count charging the underlying felony, in this case, robbery. The trial judge so held even though at the trial he had found the evidence demonstrated a specific intent to permanently deprive which could support a verdict of guilt for robbery or for attempted robbery. Thus, he did not grant the acquittal motion because of insufficient evidence, which is the only permissible ground upon which such a motion can be granted, but because of a supposed insufficiency in the allegations of the indictment. That is the same ground used to support the order arresting judgment. For all practical purposes, the order granting the motion for judgment of acquittal is nothing more than another order arresting judgment, and we so treat it. Therefore, we have jurisdiction to review both orders as rulings on separate motions in arrest of judgment.
Even should we be misinterpreting these orders, which we clearly believe we are not, there are other means of entertaining an appeal by the state in regard to the order granting the "renewed motion for judgment of acquittal." For example, in State v. Sherrod, 383 So.2d 752 (Fla. 4th DCA 1980), the court treated an order dismissing charges against a defendant as an order dismissing an information, while admitting that the order was in the nature of an order granting a motion for judgment of acquittal. The court then entertained an appeal by the state pursuant to Florida Rule of Appellate Procedure 9.140(c). Here, since the state could properly appeal the order arresting judgment and since the so-called order of acquittal deals with matters undeniably intertwined with those contained in the order arresting judgment, we believe that in this instance full review of all the related issues is proper. Finally, we can review both orders by treating this appeal as a petition for common law certiorari. This is so because the judge departed from the essential requirements of law by entertaining and then granting a motion over which he had no jurisdiction. As we have earlier noted, the trial judge's actions might also have been subject to a writ of prohibition. Thus, there are several alternative grounds by which we may review this appeal.
We move now to the merits, and we find that the judge erred in granting the motion in arrest of judgment regarding count II of the indictment which charged robbery. In Green v. State, 414 So.2d 1171 (Fla. 5th *270 DCA), petition for review denied, 422 So.2d 842 (Fla. 1982), the defendant argued that the information charging him with robbery was defective since it contained no allegation of intent to permanently deprive. The court rejected that argument, saying:
[W]hile an information which completely neglects to allege an essential element of a crime fails to allege a crime and is fundamentally deficient and can be attacked at any time, an information which imperfectly alleges an element of a crime but does not wholly fail to allege that element is not fundamentally deficient and must be attacked by a motion to dismiss or the defect is deemed harmless.
414 So.2d at 1173. See Williams v. Mayo, 126 Fla. 871, 172 So. 86 (1937); Montsdoca v. State, 84 Fla. 82, 93 So. 157 (1922).
The indictment in this case also alleges that appellee did "steal," and this also alleges, though perhaps imperfectly, all the elements of robbery. Of course, in accordance with Bell v. State, 394 So.2d 979 (Fla. 1981), it must be noted that robbery is still a specific intent crime, and the state still must prove specific intent, which burden the state in this case acknowledged throughout the proceedings. However, so long as the indictment tracks the statute, an imperfect allegation of an essential element of the crime will not, without more, vitiate the indictment. This holding does not infringe upon an accused's constitutional right to be informed of the charges against him, Dilworth v. State, 397 So.2d 292 (Fla. 1981), nor does it violate Florida Rule of Criminal Procedure 3.140(o).[4] Because the trial judge erred in granting in part the motion in arrest of judgment, he also erred in granting the motion for judgment of acquittal, which we treat as a motion in arrest of judgment, on the count charging first-degree murder. This is so because the record shows that the trial judge grounded this ruling on a misconception that there must be a separate count charging robbery to support a conviction for felony first-degree murder under a count charging premeditated murder and because he believed the robbery count was improperly alleged.
The trial judge correctly stated in his order arresting judgment on the robbery count that the premeditated murder count was not defective. Not only was the allegation properly made, it is also clear that the state can charge premeditated murder and then convict a defendant of first-degree felony murder. State v. Pinder, 375 So.2d 836 (Fla. 1978); Knight v. State, 338 So.2d 201 (Fla. 1976); Barton v. State, 193 So.2d 618 (Fla. 2d DCA 1967). That is precisely what happened at appellee's trial. The trial judge found that appellee and his comrades went to the restaurant with the intent to rob and that appellee killed the victim in the course of that robbery. Therefore, the judge was correct in originally finding appellee guilty of first-degree felony murder.
However, though the robbery count was sufficient to charge appellee and though there was sufficient evidence to convict him of the charge, we conclude that our supreme court's recent decision in Bell v. State, 437 So.2d 1057 (Fla. 1983), mandates that appellee cannot be either convicted or sentenced for the robbery and also for felony first-degree murder for which the robbery is the underlying felony.
Accordingly, we reverse the trial judge's orders granting appellee's post-trial motions. We reinstate the judgment of guilt for first-degree felony murder. We strike the judgment of guilt as to the charge of robbery as being in violation of Bell v. State, 437 So.2d 1057 (Fla. 1983), and we *271 remand for the imposition of an appropriate sentence on the conviction for first-degree felony murder.
REVERSED and REMANDED.
OTT, C.J., and RYDER, J., concur.
NOTES
[1] The Grand Jurors of the County of Hillsborough, State of Florida, charge that JERRY WILLIS HARRIS AKA RUDOLPH MAXIUM (sic) HARRIS, on the 4th day of July, 1981, in the County and State aforesaid, from a premeditated design to effect the death of JOSEF TOLAR by beating him about the head, a further description of which is to the Grand Jurors unknown, contrary to the form of the statute in such cases made and provided, to-wit: Florida Statute 782.04, and

SECOND COUNT
The Grand Jurors of the County of Hillsborough, State of Florida, charge that JERRY WILLIS HARRIS AKA RUDOLPH MAXIUM (sic) HARRIS, on the 4th day of July, 1981, in the County and State aforesaid, did unlawfully, by force, violence, assault or putting in fear, rob, steal and take away from the person or custody of JOSEF TOLAR certain property, to-wit: cash, a watch and ring, a further description of which is to the Grand Jurors unknown, the said JERRY WILLIS HARRIS AKA RUDOLPH MAXIUM (sic) HARRIS not being the true owner of the said property, no firearm, deadly weapon, or other weapon being carried in the course of the robbery, contrary to the form of the statute in such cases made and provided, to-wit: Florida Statute 812.13(2)(c).
[2] Rule 3.380. Motion for Judgment of Acquittal

... .
(c) If the jury returns a verdict of guilty or is discharged without having returned a verdict, the defendant's motion may be made or renewed within ten days after the reception of a verdict, and the jury is discharged or such further time as the court may allow.
[3] Rule 3.580. Court May Grant New Trial

When a verdict has been rendered against the defendant or the defendant has been found guilty by the court, the court on motion of the defendant, or on its own motion, may grant a new trial or arrest judgment.
[4] Rule 3.140. Indictments; Informations

... .
(o) Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.