447 So.2d 356 (1984)
STATE of Florida, Appellant,
v.
Willie Joe WILLIAMS, Appellee.
No. AR-445.
District Court of Appeal of Florida, First District.
March 8, 1984.
Jim Smith, Atty. Gen., Andrew Thomas, Asst. Atty. Gen., Tallahassee, for appellant.
*357 P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellee.
SMITH, Judge.
The State appeals from a trial court order entered pursuant to appellee-Williams' Rule 3.850 motion for post-conviction relief setting aside judgment of conviction on two counts of burglary of a dwelling (pursuant to negotiated plea of nolo contendere), and granting a new trial. The State contends that the trial court erred in determining that a finding of competency to stand trial cannot be made retrospectively when raised by motion under Rule 3.850, Florida Rules of Criminal Procedure. We agree, under the circumstances of this case, that the court erred in failing to conduct an evidentiary hearing to determine appellee's competency at the time he entered his plea, nunc pro tunc. Reversed.
Appellee's Rule 3.850 motion alleged several grounds for relief. The only ground that concerns us on this appeal is that alleging incompetency at the time appellee entered his plea. Upon appellee's appeal to this court from the trial court's denial of his motion, this court reversed and remanded, directing the lower court to "either hold an evidentiary hearing, or attach to its order of denial `a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief ...' see Rule 3.850, Fla.R.Crim.P." Order, September 24, 1982, Case No. AL-360.
At the conclusion of several non-evidentiary hearings, the trial court entered its order finding that the record clearly refuted all grounds asserted in the motion excepting the one regarding competency at the time of the plea. The record discloses, as recited in the trial court's order, that a motion for psychiatric evaluation was filed by appellee's attorney on February 6, 1981, and upon agreement of the State the court entered an order for psychiatric evaluation on February 6, 1981. No action was taken until this order was amended on June 16, 1981, at which time the court appointed Drs. Jean S. Spruill, Ph.D., and Dr. Robert A. Wray, M.D., to perform psychiatric evaluations. The evaluations were subsequently made and the reports of the examiners were filed with the court, both indicating that appellant was competent at the time of the offense, and competent to stand trial. No hearing on the question of competency was held, nor was a specific finding of competency made by the court. Subsequently, on December 14, 1981, pursuant to negotiated plea, appellee entered a plea of no contest to two counts of burglary of a dwelling, at which time other charges pending against appellee were nolle prossed, or dismissed. On February 22, 1982, appellee was sentenced to concurrent fifteen year prison terms on each count.
Based upon the foregoing circumstances, the trial court ruled that when the issue of competency is raised Rule 3.210, et seq., Florida Rules of Criminal Procedure, mandates a hearing on the question of competency; that the defendant did not waive either directly or indirectly his right to a hearing by entering a plea after negotiations; and that a finding of competency cannot be made retrospectively when raised by a Rule 3.850 motion.
The trial court was undoubtedly persuaded by cases setting aside the judgment of conviction and ordering a new trial where before or during trial the trial court had reasonable ground to believe that the defendant was incompetent. Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); Lane v. State, 388 So.2d 1022 (Fla. 1980); McCants v. State, 395 So.2d 278 (Fla. 1st DCA 1981). In the Drope case the court found there was sufficient indicia of incompetency to require the trial court to suspend trial pending a psychiatric examination, and ruled that the defendant's due process rights could not be adequately protected by merely remanding for a nunc pro tunc determination of whether defendant was in fact competent at the time of his trial approximately six and one-half years earlier. The court stated: "Given the inherent difficulties of such a nunc pro tunc determination under the most favorable circumstances, ... we cannot *358 conclude that such a procedure would be adequate here... . [citations omitted]."
We conclude that neither Drope v. Missouri nor decisions from the Florida courts support a per se rule requiring a new trial for failure to hold a competency hearing, regardless of the circumstances. The above quoted language from Drope has been interpreted as "not meant to be a per se rule, ... ." United States ex rel. McGough v. Hewitt, 528 F.2d 339, 343 (3rd Cir.1975). In this respect we agree with the analysis of the court in the Hewitt case, supra; and although we note the differing jurisdictional and procedural setting, in that Hewitt involved federal court review of state court action, the underlying issue  due process  is the same. In fact, we find certain of the circumstances present here quite similar to those in Hewitt. Although both Dr. Spruill and Dr. Wray found appellee sane at the time of the offense, and competent to stand trial, the report of Dr. Spruill discloses appellee's claim that he had been hospitalized several times for psychiatric reasons, and the doctor found that at the time of the examination appellee was functioning in the borderline to mild range of mental retardation, and that his intellectual ability was further lowered by depression and thought disorder. Alcohol and drug abuse apparently contributed greatly to his problems. Nevertheless, both doctors concluded that appellee was competent to stand trial upon analysis using the factors set forth in Rule 3.211, Florida Rules of Criminal Procedure. Similarly, in Hewitt, the state trial court at defendant's post-conviction hearing had before it a psychiatric report indicating the defendant was competent to stand trial. However, there were indications of mental disorder, a history of prior hospitalization, and a court-ordered commitment for sixty days for evaluation and study preceding the trial court's acceptance of the defendant's guilty plea. In comparison, the evidence raising the question of possible incompetency, therefore the need for an evidentiary hearing, was considerably stronger in Hewitt than in this case. Significantly, here as in the Hewitt case, it appears that both of the examining doctors will be present for their testimony and cross-examination at a competency hearing, since they were both present for testimony at a motion hearing before the trial court pursuant to our remand, and we would assume their continued availability, absent some suggestion to the contrary.
The facts in McCants and Lane differ so drastically from the present case that we do not feel they mandate application of the same remedy. In McCants, the defendant exhibited such bizarre behavior at the trial itself as to cast "considerable doubt" (395 So.2d at 278) concerning his competency at the time of trial. In Lane, the trial court denied a continuance notwithstanding the fact that none of three medical experts who testified at the continuance hearing was able to say that appellant was competent to stand trial. Lane had been found competent by only one examining physician, and that was approximately nine months previously. The Supreme Court rejected the state's contention that this finding of competency was sufficient to support the trial judge's ruling. "The finding of competency to stand trial made nine months prior to the hearing does not control in view of the evidence of possible incompetency presented by the experts at the hearing on the motion for continuance." 388 So.2d 1025 (emphasis supplied). A new trial was ordered in Lane, as in McCants.
In Fowler v. State, 255 So.2d 513 (Fla. 1971), the court ordered a nunc pro tunc competency hearing. The Lane opinion cites Fowler for the proposition that it is obligatory on the trial court to hold a hearing if there are reasonable grounds to believe the defendant is not competent to stand trial. 388 So.2d at 1025. The matter of whether there may be a retrospective competency determination, as ordered in Fowler, was not discussed in the Lane opinion. This aspect of Fowler has not been overruled, modified or explained by the Florida Supreme Court, to our knowledge. We observe, however, that the state does not rely upon or even cite Fowler in its briefs in this case (although it was cited *359 in argument below), very likely because the facts in Fowler are such that its application here is doubtful. In Fowler, the trial judge failed to order a plenary hearing, but simply entered an order of competency (in the presence of counsel for both sides), based upon his evaluation of conflicting medical reports as to the defendant's competency to stand trial. While no conclusion may need to be drawn as to Fowler's continued viability, we nevertheless find it significant that in the face of Fowler the Florida Supreme Court has not specifically adopted a per se rule disallowing a retrospective competency determination.
Although we agree with the trial court's findings that the issue of competency was sufficiently raised to invoke the rule requiring a hearing, Rule 3.210, Florida Rules of Criminal Procedure, there is nothing in the record at this point, in the light of the authorities above discussed, demonstrating that the failure of the court to hold a competency hearing before accepting appellant's plea necessarily mandates setting aside his conviction and granting a new trial. There is no evidence of conduct by appellant contemporaneously with the time of trial, nor any other evidence, suggesting incompetency at the time of trial. The two doctors' reports, prepared and filed less than six months preceding appellant's plea, both contained findings of competency to stand trial. These circumstances distinguish the case from McCants and Lane.
Our holding is a narrow one. We simply reject the trial court's conclusion that a determination of competency to stand trial can never be made retrospectively when the issue is raised in a 3.850 motion. Whether appellant's pre-conviction competency can be determined retrospectively in this case has not been determined. Upon our review of the entire circumstances as they appear from the record before the trial court, we find that it does not appear as a matter of law that a retrospective determination cannot be made. The trial court should proceed with an evidentiary hearing, which should include the testimony of Drs. Wray and Spruill, and such other evidence as the state or defense may produce. Should the evidence presented to the trial court convince the court that a retrospective determination of appellant's competency cannot be made with sufficient certainty to vindicate appellant's due process rights, then the court should so rule, set aside the conviction, and grant a new trial. On the other hand, should the court decide the issue adversely to appellant, the court should so rule and deny the motion for new trial. The party aggrieved by the trial court's ruling may seek review in this court by the appropriate means.
REVERSED and REMANDED.
WIGGINTON and NIMMONS, JJ., concur.