459 So.2d 1160 (1984)
Earl ENMUND, Appellant,
v.
STATE of Florida, Appellee.
No. 84-897.
District Court of Appeal of Florida, Second District.
November 30, 1984.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The defendant challenges his sentences for two first degree murders committed during the course of a robbery, and his conviction for the robbery.
The defendant was charged with the first degree murders of Thomas Henry Kersey and Eunice May Kersey and the robbery of Thomas Henry Kersey. The state's evidence at trial showed that the Kerseys were killed by Sampson Armstrong while he and Jeanette Armstrong were robbing Mr. Kersey and that the defendant aided and abetted the robbery by driving the *1161 getaway car. The jury found the defendant guilty of the murders and the robbery and recommended the death penalty. The defendant was adjudicated guilty and sentenced to death for the murders and to a concurrent term of life imprisonment for the robbery. After an affirmance by the Supreme Court of Florida, the Supreme Court of the United States reversed the death sentences and remanded. Enmund v. State, 399 So.2d 1362 (Fla. 1981); Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). On remand, our supreme court vacated the death sentences and remanded to the trial court with directions to impose, for each of the two first degree murder convictions, a sentence of life imprisonment without eligibility for parole for twenty-five years. The court's decision gave the trial judge discretion to decide whether the life sentences would be served concurrently or consecutively. Enmund v. State, 439 So.2d 1383 (Fla. 1983).
At sentencing following remand, the defendant asked the trial judge to correct an illegal sentence by vacating the sentence for robbery as the underlying felony for the felony murders. The trial judge granted the motion and vacated the defendant's sentence for robbery. However, he allowed the conviction for robbery to stand. The trial judge then imposed two consecutive life sentences for the murders, with twenty-five years minimum mandatory on each sentence so that the defendant would not be eligible for parole for fifty years. This appeal by the defendant followed.
The defendant argues that the trial judge erred by imposing consecutive minimum mandatory sentences for two offenses committed in a single criminal episode, and that the trial judge also erred by adjudicating the defendant guilty of both felony murder and the underlying felony. We agree on both points.
In Palmer v. State, 438 So.2d 1 (Fla. 1983), our supreme court held that Florida law does not authorize a trial court to impose consecutive three-year minimum mandatory sentences under section 775.087(2), Florida Statutes (1983), for offenses arising from a single criminal transaction or episode. We believe that the court's reasoning applies as well to consecutive minimum mandatory sentences of twenty-five years for two murders committed in the course of one criminal episode. In fact, in the Palmer case, the court drew a parallel to the statute mandating a minimum sentence of twenty-five years upon conviction of a capital felony. Accordingly, we hold that section 775.082(1), Florida Statutes (1983), authorizing a minimum mandatory sentence of twenty-five years before eligibility for parole on conviction of a capital felony, does not authorize consecutive minimum mandatory terms of twenty-five years each in connection with two consecutive life imprisonments for two murders committed during the same criminal episode.
The defendant's second point causes us more difficulty. In State v. Harris, 439 So.2d 265 (Fla. 2d DCA 1983), petition for review denied, 450 So.2d 486 (Fla. 1984), we held that a defendant could be neither convicted nor sentenced for a robbery and also for felony first degree murder for which the robbery is the underlying felony. In reaching that conclusion, we expressly relied on the decision of our supreme court in Bell v. State, 437 So.2d 1057 (Fla. 1983), issued on June 9, 1983. Our decision in Harris was issued September 16, 1983 and rehearing denied on October 26, 1983, following denial of rehearing in Bell on October 11, 1983.
On September 9, 1983, the supreme court denied rehearing in Hawkins v. State, 436 So.2d 44 (Fla. 1983). In that case, the supreme court said:
We also find, as conceded by the state, that the sentence for robbery was improper because the robbery was the underlying felony specified by the jury as justifying the conviction for the first-degree murder. Appellant cannot be sentenced for both robbery and the first-degree murder under the rule we established in State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). See also Faison v. State, 426 So.2d 963 (Fla. 1983). The robbery *1162 conviction is proper, but we vacate the separate sentence for robbery. [Emphasis supplied.]
Under the circumstances, we follow our decision in Harris and hold that the conviction as well as the sentence for robbery in this case cannot stand. However, because of the apparent conflict between Bell and Hawkins, we certify the following question to the supreme court as one of great public importance:
WHEN A DEFENDANT IS CONVICTED OF FELONY MURDER, CAN HE BE CONVICTED OF, ALTHOUGH NOT SENTENCED FOR, THE UNDERLYING FELONY?
We reverse the conviction and sentence for robbery. We reverse the sentences for the murders with directions to the trial court to correct the sentences so that the mandatory minimum sentences of twenty-five years will be served concurrently.
REVERSED AND REMANDED.
OTT, A.C.J., and LEHAN, J., concur.