463 So.2d 342 (1985)
Robert Lee DIXON, Appellant,
v.
STATE of Florida, Appellee.
No. 84-477.
District Court of Appeal of Florida, Second District.
January 9, 1985.
Rehearing Denied February 11, 1985.
James Marion Moorman, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant, Robert Lee Dixon, appeals his conviction and sentence for first-degree murder and his conviction for attempted robbery. We have reviewed all four points that he raises and find only his contention that he cannot be convicted of attempted robbery has merit.
The grand jury charged defendant by indictment with first-degree murder and attempted robbery with a firearm. At the conclusion of the trial, the judge instructed the jury on first-degree murder and felony murder, as well as attempted robbery. The jury found defendant guilty of both first-degree murder and attempted robbery. Before sentencing, the state attorney pointed out to the court that defendant could be convicted of, but not sentenced for, the underlying felony of attempted robbery. Defense counsel agreed with this representation of the law. The trial judge sentenced defendant to life imprisonment with a twenty-five-year mandatory minimum term on the first-degree murder charge. He adjudicated defendant guilty of attempted robbery with a firearm but withheld sentence on that count "in light of the applicable Florida case law."
Defendant now argues that the trial court erred in adjudicating him guilty of attempted robbery with a firearm. We agree. Since the trial judge did not sentence defendant for attempted robbery, he apparently recognized that the attempted robbery conviction was an underlying felony necessary for the first-degree murder conviction. The record does not show any independent evidence of premeditation; therefore, the trial judge was correct in treating the attempted robbery as the underlying felony.
This court recently held that a defendant could not be convicted or sentenced for *343 robbery and for first-degree felony murder where the robbery was the underlying felony. Enmund v. State, 459 So.2d 1160 (Fla. 2d DCA 1984). See also Bell v. State, 437 So.2d 1057 (Fla. 1983), and Harris v. State, 439 So.2d 265 (Fla. 2d DCA 1983), petition for review denied, 450 So.2d 486 (Fla. 1984). In reaching this conclusion in Enmund, we cited our decision in Harris, which expressly relied on Bell. Similarly, the defendant here cannot be convicted or sentenced for the attempted robbery which was used as the underlying felony for the first-degree murder conviction.
In Enmund we recognized that the Florida Supreme Court had previously held that a defendant could be convicted but not sentenced for a robbery where the robbery was the underlying felony specified by the jury as justifying a first-degree murder conviction. Hawkins v. State, 436 So.2d 44 (Fla. 1983). See also Hegstrom v. State, 401 So.2d 1343 (Fla. 1981). Since we noted the apparent conflict between Hawkins and Bell, we certified to the supreme court the question of whether a defendant could be convicted of both felony murder and the underlying felony. Enmund.
Accordingly, we affirm the judgment and sentence for first-degree murder, but we vacate defendant's conviction for attempted robbery. We also again certify the following question to the supreme court as one of great public importance:
WHEN A DEFENDANT IS CONVICTED OF FELONY MURDER, CAN HE BE CONVICTED OF, ALTHOUGH NOT SENTENCED FOR, THE UNDERLYING FELONY?
GRIMES, A.C.J., and SCHOONOVER, J., concur.