DANAHY, Judge.
Appellant was indicted for first degree (felony) murder (Count 1) and armed rob; bery (Count 2). Following a jury trial, he was convicted as charged and sentenced to consecutive terms of life imprisonment without parole for twenty-five years as to Count 1 and fifty years imprisonment as to Count 2. The trial court subsequently denied appellant’s motion for new trial but granted his motion to correct sentence and vacated the judgment and sentence as to Count 2, the underlying felony. We reverse.
Appellant first contends that the trial judge erred by failing to make inquiry following his statement, first given when he appeared before the court for sentencing, that he had been denied his right to testify. We find this contention to be without merit. Cutter v. State, 460 So.2d 538 (Fla. 2d DCA 1984).
Appellant’s second contention is that the trial court erred by failing to instruct the jury on second degree (depraved mind) murder. We agree. In a prosecution for first degree murder the trial court must instruct on the offense charged and on all offenses that are lesser in degree if there is evidence in the record to support a finding of guilt for that offense. Fla.R. Crim.P. 3.490. Obviously, second degree (depraved mind) murder is an offense lesser in degree than first degree (felony) murder under section 782.04, Florida Statutes (1983). In the case before us the evidence adduced at trial demonstrated that appellant entered the apartment with a loaded rifle and, while inside, sprayed shots around a room in which several people known to him were located. One of the shots struck the victim. Under these facts, the jury, if so instructed, could have exercised its inherent power of pardon and found appellant guilty of “an act imminently dangerous to another and evincing a depraved mind regardless of human life,” i.e., that appellant’s actions fit the statutory definition of second degree (depraved mind) murder provided in section 782.04(2), Florida Statutes (1983).
Consequently, we conclude that the evidence in the case before us warrants submission of an instruction permitting the jury to find appellant guilty of second degree (depraved mind) murder, the degree of offense immediately less than the degree of conviction. Because such an instruction was requested and mandated by rule 3.490, the trial court’s failure to give the instruc *695 tion is reversible and not harmless error. Therefore, appellant is entitled to a new trial on first degree (felony) murder. Linehan v. State, 442 So.2d 244 (Fla. 2d DCA 1983). See State v. Abreau, 363 So.2d 1063 (Fla.1978); Johnson v. State, 423 So.2d 614 (Fla. 1st DCA 1982); Hunter v. State, 389 So.2d 661 (Fla. 4th DCA 1980).
On retrial for first degree (felony) murder, the conviction for armed robbery (the underlying felony) shall be reinstated. On retrial, should appellant be acquitted of first degree (felony) murder, he shall be sentenced on the armed robbery conviction. However, if, on retrial, appellant is again convicted on first degree (felony) murder, he shall be sentenced on that conviction and, as we have held in Enmund v. State, 459 So.2d 1160 (Fla. 2d DCA 1984), and Dixon v. State, 463 So.2d 342 (Fla. 2d DCA 1985), the conviction for armed robbery shall be vacated.[1]
REVERSED AND REMANDED FOR A NEW TRIAL WITH DIRECTIONS.
GRIMES, A.C.J., and SCHOONOVER, J., concur.

. We note that the supreme court has accepted jurisdiction to review the question we first certified in Enmund, and again in Dixon. Dixon v. State, 463 So.2d 342 (Fla. 2d DCA 1985), review granted, No. 66,405 (Fla. Jan. 21, 1985); Enmund v. State, 459 So.2d 1160 (Fla. 2d DCA), review granted, No. 66,264 (Fla. Dec. 12, 1984).