DANAHY, Judge.
Appellant was convicted and sentenced for first degree (felony) murder, burglary with assault, and involuntary sexual battery. He appeals only his judgments and sentences for the latter two crimes. We reverse.
A two count information charged appellant with sexual battery, contrary to section 794.011(3), Florida Statutes (1983), and burglary of a dwelling. The burglary count was charged in this language:
[Appellant] unlawfully and without invitation or license did enter or remain in that certain structure, the dwelling of Mary Smith, located at ... with the intent to commit an offense therein, to-wit: Sexual Battery, the said structure at the time not open to the public.
When the victim later died, after what can only be described in understatement as a brutal attack by appellant, the state indicated him for first degree (felony) murder.
At trial, the judge, over objection, gave the following instructions regarding the burglary count:
Now, before you can find the defendant guilty of burglary to a residence, the State must prove three elements beyond a reasonable doubt. They are: First, Johnnie Willis Miller entered or remained in a structure owned by or in the possession of Mary Smith; and Johnnie Willis Miller did not have the permission or consent of Mary Smith or anyone authorized to act for her to enter or remain in the structure at the time. And at the time of entering or remaining in the structure, Johnnie Willis Miller had a fully formed conscious intent to commit the offense of involuntary sexual battery.
Now, proof of entering a structure stealthily and without the consent of the owner or occupant may justify a finding that the entering was with the intent to commit a crime if, from all the surrounding facts and circumstances, you’re convinced from all the evidence beyond a reasonable doubt that* there was an in *1086 tent to commit the crime existing in the defendant’s mind when he entered the structure.

... The maximum penalty for the crime of burglary to a dwelling is fifteen years imprisonment.
The jury found appellant guilty of all three offenses as charged. The trial judge, agreeing with the jury’s recommendation of life imprisonment for murder, sentenced appellant to the following concurrent terms: Life' imprisonment with the minimum mandatory of twenty-five years incarceration as to the first degree (felony) murder and also as to the sexual battery; thirty years incarceration as to the burglary.
Appellant first argues that the trial judge erred in instructing the jury on stealthy entry because the state is prohibited from relying on the presumption created by section 810.07, Florida Statutes (1983), in order to prove intent to commit “an offense” when the information alleges intent to commit a specific crime. His argument goes on that because the information here alleged that he intended to commit the specific offense of sexual battery, the state must prove he intended to commit only that specified offense. This argument has recently been rejected by our supreme court in L.S. v. State, 464 So.2d 1195 (Fla.1985).
Appellant next argues that the trial judge erred in adjudicating him guilty of burglary with assault and sentencing him to thirty years incarceration for that offense. We agree. The language used in count 2 of the information is that of a burglary of a dwelling under section 810.-02(3), Florida Statutes (1983), rather than that of a burglary with assault under section 810.02(2), Florida Statutes (1983).[1] Count 2 does not allege that appellant assaulted the victim when he unlawfully entered her home. Such an allegation is essential to sustain a conviction for the higher degree of burglary with assault. Although count 1 charged a sexual battery, the state cannot incorporate count 1 into count 2 to upgrade the burglary charge. Davis v. State, 371 So.2d 721 (Fla. 1st DCA 1979). Additionally, the jury was instructed only on burglary of a dwelling and on the maximum penalty allowable for conviction of that crime. In their verdict, the jury found appellant “Guilty of Burglary to a Dwelling, as charged in Count Two of the Information filed herein.” However, the written judgment erroneously adjudicates appellant guilty of burglary with assault. The sentence imposed—thirty years incarceration—was the minimum allowable for conviction of a burglary with assault. Accordingly, we must reverse defendant’s conviction and sentence for burglary with assault and remand for correction of the judgment to conform to the jury verdict and for imposition of an appropriate sentence. Hicks v. State, 411 So.2d 1025 (Fla. 2d DCA 1982); see Ashcraft v. State, 464 So.2d 697 (Fla. 2d DCA 1985).
Finally, appellant argues that he cannot be convicted of and sentenced for the first degree (felony) murder and for the sexual battery. He is correct. A defendant cannot be convicted or sentenced for the crime used as the underlying felony for the first degree murder conviction. Copeland v. State, 457 So.2d 1012 (Fla.1984); State v. Baker, 456 So.2d 419 (Fla.1984); Bell v. State, 437 So.2d 1057 (Fla.1983); *1087 Dixon v. State, 463 So.2d 342 (Fla. 2d DCA 1985); Enmund v. State, 459 So.2d 1160 (Fla. 2d DCA 1984). Accordingly, we reverse the conviction and sentence for sexual battery, the underlying felony, and re-certify the following question we first posed in Enmund:
WHEN A DEFENDANT IS CONVICTED OF FELONY MURDER, CAN HE BE CONVICTED OF, ALTHOUGH NOT SENTENCED FOR, THE UNDERLYING FELONY?
In all other respects, this cause is affirmed.
REVERSED AND REMANDED.
GRIMES, A.C.J., and SCHOONOVER, J., concur.

. Section 810.02 Burglary provides:
(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.-084, if, in the course of committing the offense, the offender:
(a) Makes an assault or battery upon any person.

(3) If the offender does not make an assault or battery or is not armed, or does not arm himself, with a dangerous weapon or explosive as aforesaid during the course of committing the offense and the structure or conveyance entered is a dwelling or there is a human being in the structure or conveyance at the time the offender entered or remained in the structure or conveyance, the burglary is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.-084. Otherwise, burglary is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.