LEHAN, Judge.
Louis Pina appeals his convictions for two counts of felony murder in the first degree, conspiracy to commit armed robbery with a firearm, attempted first degree murder without a firearm and three counts of robbery. We affirm in part, reverse in part, and remand for resentencing.
On October 8, 1982, four men robbed Wests’ Farm Market. At the time of the robbery the owners of the market, Willie and Martha West, and a clerk, Rosena Welch, were in the store. During the robbery, the robbers shot and killed the Wests. They shot Welch five to seven times and left her for dead. Welch survived and testified at appellant’s trial.
Welch’s testimony was that on the day of the robbery a man she knew as “Benny” and three other men entered the market. All four of the men pulled out guns. One of them pushed Mrs. West into the back room with Mr. West. Benny and the appellant remained at the front counter and forced Welch to open the cash register. They removed the cash drawer from the register and put the money into a bank bag which they carried. Welch could hear the two men in the back room talking to Mr. and Mrs. West. They repeatedly asked Mrs. West where the money was. She replied that she didn’t have any more. Welch heard one of the men say, “You better hope he gets here soon because if he doesn’t, you’re gonna die.” Welch could also hear the sound of desk drawers and filing cabinets being opened in the back room. The men brought Welch into the back room and Welch saw Mr. and Mrs. West face down on the floor. Shots ensued. After being shot, Welch fell to the floor and pretended to be dead.
At trial, Welch identified appellant as the man who helped Benny take the money from the cash register drawer. She also testified that appellant was in the back room of the market until after all the shots had been fired and that he left the market at the same time as the other three men.
There was evidence that prior to the robbery the four men had been seen with guns and had made comments indicating that they were going to get money through the use of guns. Included in those comments was a comment by appellant that if he had to kill, he would do so. Appellant was seen with a gun just before the four were seen in a car traveling in the direction of Wests’ Farm Market. Shortly after the robbery appellant was seen spray painting the car a *477 different color and was overheard saying that they had “killed a cow.”
Appellant raises three issues on appeal concerning alleged error in the failure to suppress incriminating statements made by him to law enforcement officers and the failure to admit into evidence certain expert testimony as to his ability to understand a Miranda warning. However, we need not address these issues. We conclude that there was other, overwhelming evidence of guilt. Therefore, error, if any, in the foregoing respects was harmless. Palmes v. State, 397 So.2d 648, 654 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981).
Appellant also contends with regard to the three robbery counts that the trial court erroneously denied his request for a jury instruction on the lesser included offense of theft. We do not agree. Under the table in the Florida Standard Jury Instructions in Criminal Cases, petit theft (less than $100) is a category 1 necessarily included offense of robbery, and grand theft ($100 or more) is a category 2 offense. Category 2 offenses may or may not be included in the offense charged, depending upon the accusatory pleading and the evidence. In the Matter of Use by the Trial Courts of Standard Jury Instructions in Criminal Cases and Standard Jury Instructions in Criminal Cases and Standard Jury Instructions in Misdemeanor Cases, 431 So.2d 594, 596 (Fla.1981). In this case, the state did not plead that appellant obtained any specific amount of money from the robbery, nor did the evidence at trial reveal the specific amount obtained. Therefore, appellant was entitled to a jury instruction on petit theft, see Jackson v. State, 449 So.2d 411 (Fla. 2d DCA 1984), if timely requested, see State v. Bruns, 429 So.2d 307, 310 (Fla. 1983). However, his request was for an instruction on grand theft.
The trial court sentenced appellant to two consecutive terms of life imprisonment without possibility of parole for twenty-five years on the two felony murder convictions and also sentenced appellant on the three robbery convictions, the attempted first degree murder conviction and the conspiracy to commit armed robbery conviction.
Appellant contends that the court erred in convicting and sentencing him on the underlying robberies which provided the bases for the felony murder convictions. We agree and vacate the robbery convictions and sentences. In two recent cases this court has held that a defendant cannot be convicted and sentenced for robbery and for first degree felony murder where the robbery is the underlying felony. Enmund v. State, 459 So.2d 1160, 1161 (Fla. 2d DCA 1984); State v. Harris, 439 So.2d 265 (Fla. 2d DCA 1983), petition for review denied, 450 So.2d 486 (Fla.1984). See also Enriquez v. State, 449 So.2d 845 (Fla. 3d DCA), petition for review denied, 459 So.2d 1040 (Fla.1984). However, because of the apparent conflict between Bell v. State, 437 So.2d 1057 (Fla.1983), upon which Harris and Enmund relied, and Hawkins v. State, 436 So.2d 44 (Fla.1983), we certify to the Florida Supreme Court, as we did in Enmund and in Dixon v. State, 463 So.2d 342, 343 (Fla. 2d DCA 1985), the following question of great public importance:
WHEN A DEFENDANT IS CONVICTED OF FELONY MURDER, CAN HE BE CONVICTED OF, ALTHOUGH NOT SENTENCED FOR, THE UNDERLYING FELONY?
We also agree with appellant’s further contention that the trial court erred in imposing two consecutive terms of life imprisonment without possibility of parole for twenty-five years on the two felony murder counts. Section 775.082(1), Florida Statutes (1983), which authorizes a minimum mandatory twenty-five year sentence, does not authorize consecutive minimum mandatory twenty-five year terms for two murders committed during the same criminal episode. Enmund, 459 So.2d at 1161. Therefore, we reverse those two sentences with directions to the trial court to correct the sentences so that the mandatory minimum sentences of twenty-five years will be served concurrently.
*478 Our foregoing vacations of the convictions and sentences for the robberies of Willie and Martha West in effect dispose of appellant’s additional contention that the trial court erred in refusing to give a jury instruction on attempted robbery in connection with those robberies. Appellant was not prejudiced by being thereby deprived of the opportunity for a jury pardon on the robbery charges because under our foregoing vacations of the robbery convictions, those convictions no longer exist. Also, even if, upon receiving instructions on attempted robberies, the jury had convicted appellant of attempts, those convictions would have provided the underlying bases for the felony murder convictions. Section 782.04(l)(a)2.d., Fla.Stat. (1983); Dixon, 463 So.2d at 342.
We find no merit in appellant’s remaining contentions.
The convictions and sentences for the robberies of Willie and Martha West are vacated. The sentences on the first degree felony murder convictions should be corrected. The convictions and sentences for attempted first degree murder, conspiracy to commit armed robbery, and the robbery of Rosena Welch are affirmed.
OTT, A.C.J., and FRANK, J., concur.