470 So.2d 828 (1985)
W.S.L. a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1214.
District Court of Appeal of Florida, Second District.
June 12, 1985.
*829 James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from the findings of his guilt for first degree felony murder, sexual battery, attempted sexual battery, and aggravated battery. We reverse the conviction for sexual battery. We affirm the remaining convictions subject to the competency hearing described below.
The facts of this tragic case involve defendant's mother babysitting a neighbor's eight month old baby girl. The baby was put in the bedroom shared by defendant, a nine year old boy, and his brother, who was seven years old. When the baby's mother returned later in the evening, she discovered that the baby had a black eye and that her nose, lips and head were bleeding. Paramedics were called when the baby began turning blue, and the child was transported to the hospital.
The baby subsequently died. The medical expert testimony was that the child died from blunt trauma to the lower chest and upper abdomen, which damaged internal organs and caused internal bleeding. The medical evidence also indicated several bruises on the child's face and head, a tear to the lips, a bite mark on the stomach, a tearing injury to the thumb, and tearing to the anus and vaginal tissues. Testimony indicated that some of the injuries could have been caused by the sharp end of a coat hanger or a pencil.
Defendant's brother testified that he and defendant had thrown the baby onto the bed several times, with the baby bouncing onto the floor once. The brother testified that defendant had knelt on the baby's arms and chest, had hit the baby in the stomach and had hit the baby in the head with a belt buckle. The brother also testified that he and defendant had apparently inserted or tried to insert a coat hanger in the baby's anus and a pencil in the baby's vagina. The brother also said that defendant put his penis in the baby's mouth and urinated. The brother's testimony indicated that he and defendant had seen pictures of some of those types of conduct in pornographic material that was in the house.
As his first point on appeal, defendant contends that defendant could not be convicted of first degree felony murder because the state failed to show a causal connection between the child's death and the felony of sexual battery. We disagree. The trial court was entitled under the evidence to conclude that defendant's acts which caused the baby's death were part of one criminal episode involving sexual battery. Cf. Watts v. State, 440 So.2d 505 (Fla. 1st DCA 1983) (one criminal episode may involve events chronologically and spatially related). See also Palmer v. State, 438 So.2d 1 (Fla. 1983), for a discussion of offenses comprising a single criminal episode. In this case that was a question of fact for the trier of fact. On appeal we are not to reweigh the evidence. See Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd., 457 U.S. 31, *830 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). It is no defense that the specific acts of sexual battery which occurred as a part of that episode which involved other acts causing the death were not in themselves the cause of the death. See section 782.04(1)(a)(2), Florida Statutes (1983).
As his second point on appeal, defendant contends that the trial court erred because defendant could not properly be convicted of sexual battery and attempted sexual battery when the state made no showing of sexual gratification as an element of those charges. We disagree. We need not decide whether sexual gratification is a necessary element of sexual battery with a foreign object. See Aiken v. State, 390 So.2d 1186 (Fla. 1980). The trial court could have found under the evidence that sexual gratification was involved in this case. For us to decide otherwise would call for an improper reweighing of the evidence. See Tibbs. However, we agree with defendant that the trial court erred in adjudicating defendant guilty on both the felony murder and the underlying felony of sexual battery. We reverse the convictions and sentences for the underlying felony of sexual battery. See Pina v. State, 468 So.2d 475 (Fla. 2d DCA 1985); Dixon v. State, 463 So.2d 342 (Fla. 2d DCA 1985); Enmund v. State, 459 So.2d 1160 (Fla. 2d DCA 1984). As in those cases we certify to the Florida Supreme Court the following question:
WHEN A DEFENDANT IS GUILTY OF FELONY MURDER, CAN HE BE CONVICTED OF, ALTHOUGH NOT SENTENCED FOR, THE UNDERLYING FELONY?
Defendant also contends that the trial court erred in denying his motion for a determination of his competency to stand trial. We agree. Florida Rule of Juvenile Procedure 8.170(a)(1) provides:
If at any time prior to or during the adjudicatory hearing, the court has reasonable grounds to believe the child named in the petition may be incompetent to proceed with an adjudicatory hearing, the court shall immediately stay the proceedings and fix a time for a hearing for the determination of the child's mental condition.
(Emphasis added.)
In this case defendant filed a motion for determination of competency to stand trial which recited the findings of a psychologist who had examined defendant and who reported his opinion that defendant did not have an understanding of the adversary nature of the criminal justice system and had no ability to assist his attorney in planning a defense because of his age and intellect.
We believe the psychologist's report provided reasonable grounds for a belief that defendant at least may have been incompetent. Under these circumstances the rule required a hearing on defendant's competency to stand trial. Cf. Boggs v. State, 375 So.2d 604 (Fla. 2d DCA 1979) (holding that under Florida Rule of Criminal Procedure 3.210 a hearing to determine defendant's competency to stand trial is required if there are reasonable grounds to believe defendant is incompetent, regardless of whether or not the trial court has formed a belief in that regard).
We find no merit in defendant's remaining contention on appeal.
Because we have found that a hearing should have been held on defendant's competency to stand trial, we must address the issue of whether that determination of competency can now be made retrospectively or whether the convictions and sentences must be vacated and a new trial held (after a determination of defendant's current competency to stand trial if that question is again raised by the defense). We agree with the cogent analysis of this issue in State v. Williams, 447 So.2d 356 (Fla. 1st DCA 1984). As did the court in Williams, we reject the conclusion that a determination of competency can never be made retrospectively. Cf. Stewart v. State, 339 So.2d 710 (Fla. 2d DCA 1976).
Therefore, we remand this case to the trial court for an evidentiary hearing at *831 which the defense and the state may produce any evidence pertinent to defendant's competency at the time of the trial. "Should the evidence presented to the trial court convince the court that a retrospective determination of appellant's competency cannot be made with sufficient certainty to vindicate appellant's due process rights, then the court should so rule, set aside the conviction, and grant a new trial." Williams, 447 So.2d at 359. On the other hand, if the court decides that the evidence is sufficient to retrospectively determine defendant's competency or incompetency, then the court should make that determination and proceed accordingly as to whether or not defendant is entitled to a new trial. A party aggrieved by the trial court's determination in that regard may seek review in this court by appropriate means.
RYDER, C.J., and GRIMES, J., concur.