383 So.2d 947 (1980)
Jesse LIVINGSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 80-150.
District Court of Appeal of Florida, Second District.
May 14, 1980.
BOARDMAN, Judge.
Jesse Livingston appeals the summary denial of his motion to vacate his judgment and sentence for first-degree murder. We reverse for an evidentiary hearing.
Appellant pled guilty to first-degree murder in October 1978, pursuant to a plea bargain and was sentenced to life in prison. He now seeks vacation of his judgment and sentence, pursuant to Rule 3.850, Florida Rules of Criminal Procedure, on two grounds: (1) that he was found to be insane in 1961, and there has been no showing that his sanity has returned, and (2) that his court-appointed counsel was ineffective in that counsel failed to request a sanity hearing after having been informed that appellant had been declared insane and had been committed to Florida State Hospital at Chattahoochee, where he was a patient during 1961 and 1962. Appellant further alleged that his counsel had induced him to plead guilty by telling him that if he did not plead guilty, he would be convicted at trial and sentence to death.
The transcript of the plea hearing, upon which the trial court apparently relied in denying appellant's motion, indicates that appellant stated that he had not been threatened or promised anything other than the plea agreement in order to get him to plead guilty, and he expressed satisfaction with the services of his attorney. Thus the record refutes appellant's allegations of ineffective assistance of counsel.
However, nothing in the plea hearing transcript, which is the only portion of the record before us, refutes appellant's insanity allegation. Appellant's mental condition was not mentioned at any point in the plea hearing. This allegation, if true, would entitle appellant to relief. One who has been adjudged insane is presumed to continue so until it is shown that his sanity has returned, Horace v. Culver, 111 So.2d 670 (Fla. 1959); Hixon v. State, 165 So.2d 436 (Fla. 2d DCA 1964), and an accused cannot be tried or sentenced while insane. Horace v. Culver, supra; Alexander v. State, 380 So.2d 1188 (Fla. 5th DCA 1980).
Accordingly, the trial court's order summarily denying appellant's motion to vacate is REVERSED and the cause REMANDED with directions to hold an evidentiary hearing on appellant's insanity allegation.
GRIMES, C.J., and HOBSON, J., concur.