MILLS, Judge.
DeFriest appeals the trial court’s denial of his Rule 3.850 motion without an eviden-tiary hearing. We affirm.
On 11 August 1980, DeFriest pled guilty to the charge of escape. On 22 September 1980, in another criminal case he was examined by a psychologist who concluded he was incompetent on that date to actively seek help and understand the sentencing situation before him.
DeFriest seeks an evidentiary hearing to determine his competency on 11 August 1980 and to determine whether his attorney was ineffective.
There is a legal presumption of sanity in criminal proceedings. Campbell v. Stoner, 249 So.2d 474 (Fla. 3d DCA 1971). There is nothing in the record to indicate that DeFriest was incompetent on 11 August 1980. In fact, he and his attorney stated under oath that they were not aware of any mental illness on his part in the past or present.
He also stated under oath that he was satisfied with the services of his attorney.
AFFIRMED.
WENTWORTH and BARFIELD, JJ., concur.