530 So.2d 1077 (1988)
Ernest Curtis SAVAGE, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1306.
District Court of Appeal of Florida, First District.
September 13, 1988.
Ernest Curtis Savage, pro se.
*1078 Robert A. Butterworth, Atty. Gen., and Elizabeth Masters, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Ernest Savage appeals the trial court's summary denial of his motion for post-conviction relief, asserting as grounds therefor that (1) his conviction was based on an involuntary plea, and (2) he received ineffective assistance of counsel. We reverse and remand for an evidentiary hearing.
On December 9, 1982, Savage plea nolo contendere to armed robbery charges filed in three separate cases. Pursuant to a plea bargain, the trial court imposed concurrent 30-year sentences, the sentences to run concurrently with a prior 10-year sentence Savage was serving on an unrelated charge.
Savage's motion alleges that his plea was involuntary in that it had been entered without a clear understanding of the nature of the plea and its consequences. The motion states Savage has been incompetent since receiving a head injury at the age of twelve. The motion further alleges that since his incarceration, Savage has been hospitalized for periods of time due to incompetency.
The trial court found the record demonstrated that Savage freely and voluntarily entered a plea of nolo contendere and attested to his complete understanding of the consequences. The trial court further found the record demonstrated that Savage was satisfied with the services provided by his counsel. Accordingly, the trial court denied relief, and attached the transcript of the plea and sentencing proceeding to the order denying relief.
There are no set criteria to determine whether a prisoner's allegation that he was incompetent at the time of the plea or the trial is sufficient to require an evidentiary hearing. For the most part, the determination will be based on an examination of the record before the trial court. Bush v. Wainwright, 505 So.2d 409 (Fla.), cert. denied, ___ U.S. ___, 108 S.Ct. 209, 98 L.Ed.2d 160 (1987); James v. State, 489 So.2d 737 (Fla.), cert. denied, 477 U.S. 909, 106 S.Ct. 3285, 91 L.Ed.2d 574 (1986); DeFriest v. State, 448 So.2d 1157 (Fla. 1st DCA 1984); State v. Williams, 447 So.2d 356 (Fla. 1st DCA 1984). Nevertheless, the court will also consider evidence subsequent to the plea or trial, when it appears the record does not satisfactorily resolve the allegations of incompetency. Blanco v. Wainwright, 507 So.2d 1377 (Fla. 1987); Campbell v. State, 488 So.2d 592 (Fla. 2d DCA 1986); Livingston v. State, 383 So.2d 947 (Fla. 2d DCA 1980).
In circumstances somewhat analogous to those present in the instant case, in Campbell v. State, supra, the court found an evidentiary hearing was required. In Campbell, the prisoner alleged his guilty plea was not entered with full understanding of the consequences, because he was under the influence of medication at the time of the plea. The trial court attached a transcript of the plea colloquy to the order denying relief. This transcript indicated that prior to accepting the plea, the trial court conducted a brief competency hearing, during which counsel asked the court to rule on the fact that Campbell was under medication. Although the trial court's questioning was thorough, Campbell only replied affirmatively to most of the questions posed. When the trial court asked Campbell if his medication hampered his understanding, Campbell at first said he did not know, then answered, "yeah," when asked if he understood. The court recognized that the trial court was in the best position to observe Campbell's demeanor and level of awareness, but concluded, nevertheless, that the record did not sufficiently overcome Campbell's allegations to permit summary denial of the motion. Therefore, the case was reversed and remanded for further proceedings.
Similarly, in Livingston v. State, the prisoner alleged that (1) he was found insane in 1961 and there had been no subsequent showing that his sanity had returned, and (2) his court-appointed counsel was ineffective in that counsel failed to request a sanity hearing after having been informed that Livingston had been declared insane and committed to the state hospital *1079 during 1961-1962. The court noted that the transcript of the plea hearing contained Livingston's statement that he had not been threatened or promised anything in exchange for his guilty plea, and that Livingston expressed satisfaction with the services of his attorney. Then the court noted 
However, nothing in the plea hearing transcript, which is the only portion of the record before us, refutes appellant's insanity allegation. Appellant's mental condition was not mentioned at any point in the plea hearing. This allegation, if true, would entitle appellant to relief. One who has been adjudged insane is presumed to continue so until it is shown that his sanity has returned, (citations omitted), and an accused cannot be tried or sentenced while insane. (citations omitted).
383 So.2d 947. Thus, as in Campbell, the court reversed and remanded with directions to hold an evidentiary hearing on the insanity allegation.
We disagree with the state's suggestion that our decision should be controlled by DeFriest v. State, 448 So.2d 1157 (Fla. 1st DCA 1984). In DeFriest, this court affirmed a summary denial of a rule 3.850 motion, because the plea colloquy and the record in that case refuted DeFriest's argument that he was incompetent to plead guilty. The record in DeFriest demonstrated that both DeFriest and his attorney stated under oath that they were not aware that DeFriest had suffered any mental illness, either in the present or the past. Unlike DeFriest, the plea hearing transcript in this case contains no reference to Savage's mental competence. Moreover, the transcript reveals that Savage's participation in the plea colloquy was limited almost entirely to affirmative responses to the questions posed to him by the trial court. We conclude, as did the second district in Campbell and Livingston, that these responses are insufficient to demonstrate that Savage was competent when he entered his plea.
Accordingly, the order denying the motion for post-conviction relief is reversed, and the cause remanded with directions to hold an evidentiary hearing on Savage's incompetency allegation.
SMITH, C.J., and ZEHMER, J., concur.