954 So.2d 64 (2007)
Christine Lashay ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1840.
District Court of Appeal of Florida, First District.
April 4, 2007.
Rehearing Denied April 24, 2007.
Nancy A. Daniels, Public Defender, and Steven A. Been, Laura Anstead, and Steven L. Seliger, Assistant Public Defenders, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, C.J.
Appellant seeks reversal of her convictions and judgment of second-degree murder. She alleges that the trial court reversibly erred by failing to conduct a hearing on Appellant's competence under *65 Florida Rule of Criminal Procedure 3.210 on the authority of Robertson v. State, 699 So.2d 1343 (Fla.1997), receded from on other grounds in Delgado v. State, 776 So.2d 233 (Fla.2000); Hill v. State, 473 So.2d 1253 (Fla.1985); and Burns v. State, 884 So.2d 1010 (Fla. 4th DCA 2004). We agree and reverse.
Hill, Robertson, and Burns hold that it is the independent duty of the trial judge to grant a competency hearing under Florida Rule of Criminal Procedure 3.210 when there is evidence that a defendant may be incompetent to stand trial, not that he or she is incompetent (however, of course, it is also the duty of defense counsel, not exercised here).
The facts reveal this is the case here. The trial judge first appointed a Dr. Bingham to inquire about Appellant's competency to stand trial; he concluded that Appellant had an overall I.Q. of 58 and was mentally retarded and incompetent to stand trial. After receipt of Dr. Bingham's evaluation, the trial court ordered another evaluation of Appellant's competency to stand trial by a Dr. Larson. Dr. Larson conducted an examination and opined that Appellant, 14 years of age at the time of examination (13 at the time of the homicide), was functioning on a third-grade level with an I.Q. of 69, rather than 58, as concluded by Dr. Bingham. However, Dr. Larson also opined that Appellant was within the mildly retarded range and that Appellant "earned a verbal I.Q. score of 66, a performance I.Q. of 69 and a full scale I.Q. score of 65." Of the two tests that Dr. Larson conducted, one indicated that Appellant was mildly retarded, and the other indicated that her intelligence was low, but not in the retarded range. He concluded that she might be mentally retarded, but more likely than not she functioned above the retarded range. Following the submission of Dr. Larson's written report, Appellee moved for a third examination by a Dr. Haga. Dr. Haga's bottom-line conclusion was that Appellant's "true intellectual ability probably falls within the borderline category more so than in the mild mentally retarded category," and in his opinion did not meet "the diagnostic criteria for mental retardation." All of these opinions were presented to the trial court in writing.
The trial court, after receipt of these written reports, on two occasions scheduled competency hearings, but for unknown reasons a hearing was never held. Appellant's attorney can be faulted for not ensuring that a hearing be held, but this does not relieve the trial court from its superior and independent duty under Robertson, Hill, and Burns to conduct a hearing sua sponte. We conclude from this record that the evidence of Appellant's mental state required the trial court sua sponte to conduct a competency hearing of Appellant. The opinions of the three experts conflicted, and they could be properly assessed only by a hearing to "sort out" their conflicting opinions and determine Appellant's competency by non-hearsay testimony.
Accordingly, we REVERSE and REMAND with instructions that the trial judge conduct a hearing on Appellant's competency to stand trial under Rule 3.210 and deal with Appellant in a manner consistent with the determination made at such competency hearing.
DAVIS and LEWIS, JJ. concur.