978 So.2d 809 (2008)
Benjamin COKER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-5738.
District Court of Appeal of Florida, First District.
February 19, 2008.
Rehearing Denied April 17, 2008.
*810 Jonathan W. Dingus, Panama City, for Appellant.
Bill McCollum, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, C.J.
Appellant challenges the denial of his postconviction motion, alleging both fundamental error in that no competency hearing was held, and ineffective assistance of counsel in that counsel did not demand a competency hearing. We affirm as to the claim of fundamental error, without further discussion, but we reverse the ruling on the ineffective assistance claim because Appellant has adequately shown both deficient performance and prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Counsel's performance was deficient in that he obtained the trial judge's oral authorization for a mental evaluation of Appellant, but never drafted a written order for the judge to sign, so no competency hearing under Florida Rule of Criminal Procedure 3.210 was held. When an accused's competency is in doubt, a competency hearing is required. Rogers v. State, 954 So.2d 64 (Fla. 1st DCA 2007). The failure to secure a written order so providing constitutes deficient performance and compels relief if Appellant can show prejudice resulting from such failure.
Appellant has shown that his counsel's deficient performance prejudiced him by the doctor's testimony adduced at the evidentiary hearing that, in his opinion, Appellant was incompetent to stand trial at the time he entered his plea. This testimony shows that had a competency hearing been held, Appellant could have been adjudicated incompetent to enter his plea of guilty.
For these reasons, we REVERSE the denial of Appellant's postconviction motion, and REMAND for a competency hearing to determine if Appellant was competent at the time he entered his plea. If Appellant is found incompetent, his conviction and sentence shall be voided. If Appellant is found competent, his sentence and conviction stand.
BARFIELD and DAVIS, JJ., concur.