995 So.2d 541 (2008)
Melvin GAY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2208.
District Court of Appeal of Florida, Second District.
August 1, 2008.
*542 Melvin Gay, pro se.
Bill McCollum, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Melvin Gay seeks review of the order denying his motion for postconviction relief, which was filed pursuant to Florida Rule of Criminal Procedure 3.850. Gay's pro se motion and amendment contained a total of sixteen claims for relief. We affirm the denial of claims one through four, seven through nine, and eleven through sixteen without comment. We reverse the summary denial of claims five, six, and ten.
In claim five, Gay asserted that trial counsel was ineffective for failing to object on double jeopardy grounds when the State was allowed to reopen its case to address additional elements of the crime charged. In claim six, Gay asserted that the trial court violated the protections against double jeopardy for the same reason. The postconviction court summarily denied relief on these claims based on its finding that the State was not permitted to reopen its case to present additional evidence. The order denying relief lists the applicable portion of the transcript as one of the attachments to the order, but the attachments were apparently not filed in the circuit court. Accordingly, it is impossible to determine whether the attachments conclusively refute Gay's claim. Therefore, we must reverse the denial of the claim. If the postconviction court summarily denies the claim again on remand, it should ensure that the attachments get filed in the record.
In claim ten, Gay asserted that the trial court erred in admitting suggestive identification evidence and that the State withheld an audiotape that would have ensured *543 his acquittal. The postconviction court summarily denied relief on these claims based on its finding that the claims raised evidentiary issues that should have been raised on direct appeal. Gay's first allegation, that the trial court erred in admitting suggestive identification evidence, is certainly an evidentiary issue that should have been raised on direct appeal. See Henderson v. Dugger, 522 So.2d 835, 836 n. * (Fla.1988) (holding that argument that evidence was erroneously admitted was barred in postconviction motion because it could have been raised on direct appeal).
Gay's second allegation, however, did not involve an evidentiary ruling at trial but was an allegation of a Brady[1] violation by the State. Such an allegation is cognizable in a rule 3.850 motion. Hempstead v. State, 980 So.2d 1254, 1263 (Fla. 2d DCA 2008). Accordingly, we reverse the postconviction court's summary denial of this claim with directions for it to reconsider the claim on remand. If the court determines that the claim is facially insufficient, it should strike the claim with leave for Gay to amend his motion within a reasonable period of time. See Spera v. State, 971 So.2d 754 (Fla.2007). If the court determines that the claim is facially sufficient, the court should either conduct an evidentiary hearing or attach portions of the record refuting the claim.
Affirmed in part; reversed in part; and remanded.
WHATLEY and SILBERMAN, JJ., concur.
NOTES
[1] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).