PER CURIAM.
 

 When the postconviction court denied appellant Todd Schultheis’s motion for postconviction relief, the court concluded the record of Schultheis’s trial refuted some claims, but the court did not attach any record excerpts supporting the denial of relief. With respect to the second, fifth, seventh, ninth, and tenth claims in appellant’s motion alleging ineffective assistance of counsel, this omission requires reversal.
 
 See Gay v. State,
 
 995 So.2d 541, 542 (Fla. 2d DCA 2008);
 
 Miller v. State,
 
 905 So.2d 981, 982 (Fla. 3d DCA 2005). We remand the order denying relief as to these claims and direct the postconviction court to either attach supportive record excerpts or conduct an evidentiary hearing.
 
 See
 
 Fla. R. App. P. 9.141(b)(2)(D).
 

 We also reverse the denial of relief as to appellant’s first claim, in which he argued trial counsel was ineffective for failing to raise the issue of competency to stand trial. As the postconviction court explained, a defendant cannot cloak an argument of incompetency, which should be raised on direct appeal, as an ineffective-assistance claim.
 
 See Patton v. State,
 
 784 So.2d 380, 393 (Fla.2000). A narrow argument that counsel was ineffective for failing to raise the competency issue, however, is cognizable in the postconviction posture.
 
 See generally Carroll v. State,
 
 815 So.2d 601, 610 (Fla.2002). The argument as phrased in appellant’s motion is, at its heart, an ineffective-assistance claim and was not procedurally barred, as the postconviction court concluded. Accordingly, we reverse the denial of relief as to this claim and remand for the postconviction court to address it on the merits. We affirm the order in all other respects.
 

 AFFIRMED in part; REVERSED in part.
 

 KAHN, DAVIS and CLARK, JJ., concur.