BENTON, J.
Christine Lashay Rogers appeals a trial' court order ruling — only on remand after we had reversed her murder conviction for lack of any judicial determination of her mental competency to proceed — that she had in fact been mentally competent to proceed when she stood trial some years earlier. We have jurisdiction. Fla. R.App. P. 9.140(b)(1)(D) (“A defendant may appeal ... orders entered after final judgment.”). We reverse the order under review.[1]
Thirteen years old when she allegedly stabbed an acquaintance to death, Ms. Rogers was tried as an adult and convicted of second-degree murder. Prior to trial, three experts had examined her to determine whether she was competent to stand trial, and prepared written reports that reflected their conflicting views on the question.[2] The last examination took place on August 17, 2004, but no adjudication as *930 to competency occurred before she went to trial on February 22, 2005.
On direct appeal, she contended that her conviction should be overturned because the trial court had erred in failing to conduct a hearing on her competence to proceed under Florida Rule of Criminal Procedure 3.210 and in failing to make a ruling on her competence to proceed. A panel of this court agreed and reversed, concluding that the conflicting reports concerning her competency made it incumbent upon the trial court to conduct a competency hearing under the rule. Rogers v. State, 954 So.2d 64, 65 (Fla. 1st DCA 2007). The prior panel reversed Ms. Rogers’ conviction outright, albeit without foreclosing retrial if she were deemed competent on remand once “the trial judge conducted] a hearing on appellant’s competency to stand trial under Rule 3.210.” Id.
Overturning a conviction on direct appeal is not an unusual remedy for lack of a necessary pretrial determination of competency to proceed or for a trial court’s failure to conduct a proper competency hearing. See Pate v. Robinson, 383 U.S. 375, 386-87, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Tingle v. State, 536 So.2d 202, 204 (Fla.1988) (“[BJecause Tingle was entitled to a hearing on his competency to stand trial, we vacate the conviction and sentence and remand for retrial after it has been determined that he is competent to stand trial.”); Scott v. State, 420 So.2d 595, 598 (Fla.1982) (vacating conviction and sentence despite post hoc competency hearing at least in part because of the difficulties of retrospectively determining competency to stand trial); Lane v. State, 388 So.2d 1022, 1023, 1025-26 (Fla.1980) (setting aside conviction and sentence because competency to proceed had not properly been determined at the time of trial: “The finding of competence to stand trial made nine months prior to the hearing does not control in view of the evidence of possible incompetency presented by the experts.... The record is clear in this case that there was doubt concerning the appellant’s present competency at the time of trial. We find the law required further examination and hearing in this cause. Under the circumstances, we find that the judgment entered must be vacated.” (emphasis omitted)); Culbreath v. State, 903 So.2d 338, 340 (Fla. 2d DCA 2005) (reversing judgment, sentence and revocation of probation for failure to conduct a second competency hearing, stating that “the obligation to order a competency examination and to conduct a hearing as required by rule 3.210 is ongoing”); Shaw v. State, 546 So.2d 796, 798 (Fla. 1st DCA 1989) (“When accepting Shaw’s plea and at sentencing the trial judge was aware of circumstances indicating reasonable grounds to believe that Shaw may have been mentally incompetent. ... The psychological evaluation which the judge approved after sentencing did not comport with the requirements of Rule 3.210(b), and the judge did not conduct the hearing that the rule specifies .... Thus, the judgment and sentences *931 must be reversed and the case must be remanded to the trial court to begin de novo.”)- For lack of a pretrial competency determination, the prior panel overturned the conviction in the present case.[3]
On remand, however, the trial court convened an evidentiary hearing, over defense objection, to determine retrospectively whether Ms. Rogers had been competent to assist counsel during her trial.[4] In doing so, the trial court never acknowledged that the conviction had been reversed, and rejected the defense contention that a new trial was necessary, in the event she was determined competent to stand trial. After the evidentiary hearing on remand, the trial court ruled that she had been competent to proceed at the time of the trial that led to the conviction that was reversed.
But no such determination was contemplated by this court’s earlier opinion reversing the conviction. Even in considering the question retroactively on remand, the trial court strayed from the mandate.[5] The trial court had no authority to reinstate a judgment the reviewing court had reversed. As a technical matter, moreover, it has not done so — the order on review simply declares Ms. Rogers to have been competent at the time the trial occurred — although it is not clear on what other basis she is now being held.
While the Florida Supreme Court has, even on direct appeal,[6] remanded for a *932 retrospective determination of a defendant’s competence at the time of trial, it has only done so explicitly and only in unmistakable language. In Fowler v. State, 255 So.2d 513, 515-16 (Fla.1971), for example, our supreme court “temporarily remanded to the Circuit Court of Pinellas County with directions that the claim of insanity at the time of trial be determined in a full hearing,” ruling that, if “the trial Court determines that the defendant was sane at the time of trial, the Court is ordered to forthwith transmit the entire record of the case ... back to this Court. At such time we will consider defendant’s remaining points on appeal ... [but if] the trial Court shall determine the defendant was insane at the time of trial but is now sane, the Court is directed to vacate the adjudication of guilt and sentence, to give the defendant an opportunity to replead, and to set a new trial date.” In contrast, the prior panel’s decision reversing[7] in the present case did not order a retrospective determination and laid down no conditions under which a post hoc competency hearing might be possible.
The prior panel ruled that the trial court erred in failing to conduct a hearing and in failing to adjudicate Ms. Rogers’ competence to proceed before trial, and reversed on that ground. 954 So.2d at 65. On remand, the trial court was bound by this judgment, and had no authority to conduct the hearing it conducted or to enter the order it entered.
Reversed.
VAN NORTWICK, J., concurs; KAHN, J., dissents with opinion.

. We do so without prejudice to appellant's retrial if, in accordance with Florida Rule of Criminal Procedure 3.210, she is hereafter determined to be competent to stand retrial. But we do not address any issue under Florida Rule of Criminal Procedure 3.191.

. These reports indicate that Ms. Rogers was experiencing auditory hallucinations, including voices telling her to kill herself. Ms. Rogers reported to Dr. Larson (who examined her on four occasions between the dates of March 26, 2004, through June 4, 2004), that she was not then experiencing auditory hallucinations, explaining that the medicine, made it stop. She reported to Dr. Haga on August 17, 2004, however, that she was again experiencing auditory hallucinations and believed the medications were no longer helping and might instead be causing the hallucinations.
She also reported to Dr. Haga that she was having nightmares in which she saw her sister getting into a wreck, officers telling her that they were going to kill (or hang) her, and a body being cut up. Dr. Larson also noted in his report that Ms. Rogers had been pre *930 scribed a number of psychotropic medications while in custody.
The reports indicated that Ms. Rogers has a "Full Scale I.Q.” of between 58 and 65, and that she is functioning in the extremely low range (mentally retarded range), the mildly retarded range or that she falls in a borderline category. Dr. Larson indicated in his report that infirmary records from the time Ms. Rogers had been in custody document diagnoses of major depressive disorder with psychotic features and adjustment disorder with anxiety and depressed mood.
Faced with conflicting reports by examining experts, including a report of the most recent examination indicating that Ms. Rogers was experiencing auditory hallucinations despite medication, the prior panel reversed her conviction. Rogers v. State, 954 So.2d 64, 64-65 (Fla. 1st DCA 2007).

. "She alleges that the trial court reversibly erred by failing to conduct a hearing on Appellant's competence under Florida Rule of Criminal Procedure 3.210 on the authority of Robertson v. State, 699 So.2d 1343 (Fla.1997), receded from on other grounds in Delgado v. State, 776 So.2d 233 (Fla.2000); Hill v. State, 473 So.2d 1253 (Fla.1985); and Burns v. State, 884 So.2d 1010 (Fla. 4th DCA 2004). We agree and reverse.” Rogers v. State, 954 So.2d 64, 64-65 (Fla. 1st DCA 2007).

. Our disposition today renders moot her argument that the trial court misinterpreted the evidence and abused its discretion in finding, on the evidence adduced, that she had been competent to stand trial.
Nor do we reach the contention that the trial court erred in permitting Ms. Rogers’ trial counsel to testify at the evidentiary hearing over objection on attorney-client privilege grounds. While Florida Rule of Criminal Procedure 3.210 seems to assume that a motion for examination to determine whether a defendant is competent to proceed does not waive the privilege, Fla. R.Crim. P. 3.210(b)(1), the issue was not preserved for appeal.

. We need not reach the question, therefore, whether on general principles a retroactive determination would ever — since the decision in Tennis v. State, 997 So.2d 375, 382 (Fla.2008)—be permissible. On direct appeal of a conviction for first-degree murder and sentence of death, the supreme court reversed Tennis’s conviction because the trial court failed to conduct a Faretta inquiry despite Tennis's unequivocal request to represent himself. Justice Pariente, in a concurring opinion in which three other justices joined, also discussed the trial court’s failure to hold a competency hearing pursuant to Rule 3.210. Justice Pariente noted that a competency hearing was held after the guilt phase in Tennis, but deemed it irrelevant “because a determination of competency cannot be retroactive." Id. at 381-82, n. 7 (citing Tingle v. State, 536 So.2d 202, 204 (Fla.1988)). See also Mairena v. State, 6 So.3d 80, 86 (Fla. 5th DCA 2009) (reversing on direct appeal and remanding for new trial contingent upon a determination that Mairena was competent to proceed, ”[b]ecause a hearing to determine whether a criminal defendant was competent at the time of trial cannot be held retroactively, see, e.g., Tingle, 536 So.2d at 204; Scott, 420 So.2d at 598; Hill [v. State, 473 So.2d 1253, 1259 (Fla.1985) ].”).
The decision in Mason v. State, 489 So.2d 734, 737 (Fla.1986) (on appeal of denial of post-conviction relief and distinguishable on that basis), where the supreme court stated that "no per se rule exists in Florida forbidding a nunc pro tunc competency determination regardless of the surrounding circumstances,” antedates Tennis.

. Reviewing courts have remanded for retrospective determinations of competency on appeals of denial of post-conviction relief. See *932 Mason v. State, 489 So.2d 734, 737 (Fla.1986) ("[UJnder these circumstances the 'court may find that there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing.’ Martin v. Estelle, 583 F.2d 1373, 1375 (5th Cir.1978).... Should the trial court find, for whatever reason, that an evaluation of Mason's competency at the time of the original trial cannot be conducted in such a manner as to assure Mason due process of law, the court must so rule and grant a new trial.”). See also State v. Williams, 447 So.2d 356, 359 (Fla. 1st DCA 1984) ("We simply reject the trial court's conclusion that a determination of competency to stand trial can never be made retrospectively when the issue is raised in a 3.850 motion. Whether appellant's pre-conviction competency can be determined retrospectively in this case has not been determined. Upon our review of the entire circumstances as they appear from the record before the trial court, we find that it does not appear as a matter of law that a retrospective determination cannot be made. The trial court should proceed with an evidentiary hearing.... Should the evidence presented to the trial court convince the court that a retrospective determination of appellant’s competency cannot be made with sufficient certainty to vindicate appellant's due process rights, then the court should so rule, set aside the conviction, and grant a new trial. On the other hand, should the court decide the issue adversely to appellant, the court should so rule and deny the motion for new trial.").
Opinions remanding for trial courts to determine whether a retrospective determination of competency is possible and, if so, for a determination, have been explicit in the directions on remand. See Mason v. State, 489 So.2d 734, 737 (Fla.1986); Fowler v. State, 255 So.2d 513, 515 (Fla.1971); Coker v. State, 978 So.2d 809, 810 (Fla. 1st DCA 2008); Brown v. State, 449 So.2d 417, 417 (Fla. 3d DCA 1984); State v. Williams, 447 So.2d 356, 359 (Fla. 1st DCA 1984). In the present case, the decision was had on direct appeal, not on collateral attack, and the prior panel decision lacked not only explicit directions but also any authorization whatsoever for a retrospective determination.

. The prior panel's decision did not discharge the defendant nor does today's opinion “argue that we discharged the defendant,” the dissent’s implication notwithstanding.