PER CURIAM.
 

 The appellant appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm grounds one and two of the appellant’s motion without further discussion. However, we hold that the appellant’s claim that he was incompetent to enter a plea and that counsel was ineffective for failing to investigate the appellant’s competency or request a competency determination
 
 [1]
 
 is facially sufficient. Specifically, the appellant alleges that he was incompetent and did not understand the consequences of his plea, that he had a history of mental illness, had not taken his schizophrenia medication, was suffering from delusions and hearing voices at the time of the plea and that he informed counsel of his condition.
 
 Cf. Schultheis v. State,
 
 12 So.3d 811, 812 (Fla. 1st DCA 2009) (“A narrow argument that counsel was ineffective for failing to raise the competency issue, however, is cognizable in the postconviction posture”);
 
 Coker v. State,
 
 978 So.2d 809 (Fla. 1st DCA 2008) (recognizing the failure to raise a defendant’s alleged incompetency as a ground for asserting ineffective assistance of counsel);
 
 Luckey v. State,
 
 979 So.2d 353, 354 (Fla. 5th DCA 2008) (holding that claim that counsel was ineffective for allowing defendant to proceed while incompetent was facially insufficient where defendant did not allege “he actually was incompetent to proceed to trial or insane at the time of his offense”). The plea colloquy attached by the trial court does not refute the appellant’s claim as the appellant’s mental competency was never addressed. We reverse and remand for the trial court to hold an evidentiary hearing on this claim.
 

 AFFIRMED in part and REVERSED and REMANDED in part for further proceedings.
 

 DAVIS and BENTON, JJ., and BERGER, WENDY, Associate Judge, concur.
 

 [1]
 

 . The appellant raised this issue in grounds three through five, which this Court treats as one ground for relief.