PER CURIAM.
 

 Appellant seeks review of the trial court’s order summarily denying his amended motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The first two claims in the motion allege that Appellant’s counsel was ineffective for failing to investigate and file a motion to determine Appellant’s competency. Because we conclude that these claims are facially sufficient, we reverse for further proceedings. We affirm the denial of the remaining claims without further comment.'
 

 In his first claim, Appellant contends that his attorney was ineffective for failing to adequately investigate his mental health or to consult a mental health expert after counsel became aware of Appellant’s history of mental illness. In support of this claim, Appellant alleged that he had a history of mental health issues and that he suffered from severe depression and insomnia for which he was taking multiple medications that affected his competency. The trial court characterized these allegations as conclusory and denied this claim as facially insufficient because the motion “references numerous attachments that do not exist” and “is devoid of any proof (i.e., examination report, affidavit from reviewing doctors, etc.) that would preliminarily support the Defendant’s contention that he has any mental health issues.” However, contrary to the trial court’s observations, the record contains an evaluation report and a series of progress reports from Appellant’s psychiatrist that appear to corroborate the allegations underlying this
 
 *119
 
 claim, as well as an affidavit from Appellant’s mother stating that she made counsel aware of Appellant’s history of mental health issues. Accordingly, the trial court erred in denying this claim as facially insufficient.
 

 In his second claim, Appellant alleges that his counsel was ineffective for failing to file a motion for a competency hearing. Appellant alleges that he attempted to explain his psychiatric issues to the court during a pretrial hearing, that the trial judge instructed his counsel to put the information in writing and provide it to the state along with supporting evidence, and that his counsel failed to take the action directed by the court. The trial court erred in denying this claim as facially insufficient.
 
 See Coker v. State,
 
 978 So.2d 809 (Fla. 1st DCA 2008) (holding that defense counsel’s failure to draft an order for mental evaluation of the appellant after obtaining the judge’s oral authorization amounted to ineffective assistance of counsel).
 

 Accordingly, we reverse the trial court’s order denying the first two claims in Appellant’s amended motion for postconviction relief and remand for the trial court either to attach record excerpts that refute these claims or to hold an evidentiary hearing on these claims. We affirm the order in all other respects.
 

 AFFIRMED, in part; REVERSED in part; and REMANDED with directions.
 

 BENTON, VAN NORTWICK and WETHERELL, JJ., concur.