PER CURIAM.
 

 The appellant challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the summary denial of all but one of the appellant’s claims. We reverse and remand the denial of the appellant’s claim that counsel was ineffective for failing to move for a competency evaluation.
 

 In ground one, the appellant asserts that counsel was ineffective for failing to move to have his competency evaluated. He alleges that counsel was aware of the appellant’s long history of mental illness, including the fact that he had been institutionalized multiple times, had attempted to commit suicide, was diagnosed as bi-polar, alcoholic and depressive, and had a long history of being on (and was currently on) psychotropic medications. He alleges that if counsel had moved for a competency evaluation, he would have been found to be incompetent. He also alleges that he was incompetent during trial and was therefore unable to assist counsel. We conclude that the appellant’s allegations are facially sufficient,
 
 see Williams v. State,
 
 46 So.3d 118 (Fla. 1st DCA 2010);
 
 Jackson v. State,
 
 29 So.3d 1161 (Fla. 1st DCA 2010), and not conclusively refuted by the record excerpts attached to the order by the trial court. Accordingly, we remand to the trial court to either attach the portions of the record that conclusively refute ground one or to hold an evidentiary hearing on that claim.
 

 AFFIRMED in part; REVERSED in part; and REMANDED with directions.
 

 WETHERELL, MARSTILLER, and SWANSON, JJ„ concur.