MORRIS, Judge.
Robert Arseneau appeals the summary denial of his original and amended motions for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment the denial of three of his four claims, but we reverse and remand for further proceedings on his claim that his counsel was ineffective for failing to investigate his competency to enter his plea.
In October 2006, Arseneau entered a guilty plea to burglary with a battery, abuse of an elderly person, witness tampering, and grand theft. The offenses were committed against Arseneau’s elderly mother. In September 2007, Arseneau was sentenced to fifteen years on the burglary and to a concurrent five years in prison on the other charges. Arseneau’s convictions were per curiam affirmed in October 2010. Arseneau v. State, 46 So.3d 52 (Fla. 2d DCA 2010). On December 20, 2010, Arseneau filed a timely rule 3.850 motion, raising two grounds. The postcon-viction court struck both grounds, giving Arseneau leave to amend within thirty days. Arseneau then filed a timely, amended motion, raising two additional grounds. It is the denial of the second additional ground which we reverse.
In ground two of his amended motion, Arseneau claimed that his trial counsel was ineffective in failing to investigate his competency based on his history of mental illness. In response to this claim, the postconviction court noted that Arseneau did not allege that he was, in fact, incompetent at the time he entered his plea. The court also concluded that any claim of incompetence is refuted by the record.
Arseneau filed a timely motion for rehearing along with a second amended motion, amending ground two of his first amended motion to allege that he was in fact incompetent to proceed when he entered his plea. The postconviction court denied the motion for rehearing without explanation.
Arseneau’s “narrow argument that counsel was ineffective for failing to raise [his] competency is cognizable in a rule *1282 3.850 motion.” Demarco v. State, 31 So.3d 975, 976 (Fla. 2d DCA 2010).
There are no set criteria to determine whether a prisoner’s allegation that he was incompetent at the time of the plea or the trial is sufficient to require an evidentiary hearing. For the most part, the determination will be based on an examination of the record before the trial court. Nevertheless, the court will also consider evidence subsequent to the plea or trial, when it appears the record does not satisfactorily resolve the allegations of incompetency.
Savage v. State, 530 So.2d 1077, 1078 (Fla. 1st DCA 1988) (citations omitted).
A defendant is competent to proceed if he has the “sufficient present ability to consult with counsel with a reasonable degree of rational understanding and ... a rational, as well as factual, understanding of the pending proceedings.” Fla. R.Crim. P. 3.211(a)(1). When determining a defendant’s competency, the trial court must consider the defendant’s capacities to (1) appreciate the charges or allegations against the defendant; (2) appreciate the range and nature of possible penalties; (3) understand the adversary nature of the legal process; (4) disclose to counsel facts pertinent to the proceedings at issue; (5) manifest appropriate courtroom behavior; and (6) testify relevantly. Fla. R.Crim. P. 3.211(a)(2)(A).
A review of the plea and sentencing hearings in this case indicates that Arse-neau’s competency was questionable. At the plea hearing in October 2006, defense counsel informed the court that Arseneau had not been cooperative with defense counsel and had refused to see him at the jail and at the pretrial hearing. Defense counsel saw Arseneau the week before, and Arseneau was still uncooperative with defense counsel. Defense counsel also informed the court that Arseneau has mental health issues due to a head injury he suffered and that the defense was hoping to seek a downward departure sentence based on those issues. Counsel explained: “[Arseneau] has been undergoing treatment by a neurologist and I think he has been declared disabled.” Counsel told the court that he had explained everything to Arseneau but that Arseneau did not believe counsel and instead wanted to hear from the court about the open-plea option that would allow him to present mitigating mental health evidence as to sentencing.
The trial court then explained to Arse-neau the charges and possible prison time he faced. The trial court also explained the plea/departure process to Arseneau and asked if he wanted to enter a plea and then set a departure hearing for a date in the future. Arseneau answered ‘Tes” three times. Defense counsel again explained that “in order to pitch a departure, you’re going to have to enter a plea [to] the charges today.” Arseneau answered “Okay.” The trial court then conducted a plea colloquy with Arseneau, which involved Arseneau’s replying affirmatively to all of the questions asked of him. But his competency was never addressed. Also, he was never asked if he was on medications, and counsel had earlier told the trial court that he had a “list from [Arse-neau’s] mom [of] seven different meds he was on.”
At the sentencing hearing held almost a year later in September 2007, defense counsel told the court that Arseneau’s mother, the victim in the case, told defense counsel that Arseneau had suffered a beating years before, resulting in an “extensive coma” and “some mental health issues.” Defense counsel stated that he had Arse-neau evaluated for purposes of offering mitigating departure evidence. Defense counsel told the court that Arseneau had mentioned withdrawing his plea and had *1283 also asked defense counsel to suppress a statement, although Arseneau did not make any statements that could have been suppressed. Defense counsel also reported that Arseneau mentioned wanting to have defense counsel investigated.
Arseneau then addressed the court. He expressed dissatisfaction with the assistance he had received from the two attorneys he had during the case. He claimed nothing had been done on his case, and he insisted that the charges should have been dismissed against him because he did not steal anything. He stated that he wanted help and did not know what to do. The trial court then explained again the maximum penalty that Arseneau faced and that Arseneau had already entered his plea and was there for sentencing, and Arseneau replied ‘Tes, sir.” Arseneau then claimed that he was threatened by his attorneys that he would get life if he did not enter his plea. Arseneau then asked if he could get some help with a downward departure, and the trial court explained that that was what they were there for that day.
The trial court then heard testimony from the defense’s mental health expert, Dr. McClain, a licensed psychologist. She evaluated Arseneau in November 2006. She diagnosed him with mental health difficulties and a history of substance abuse. She testified that he suffered from difficulties with impulse control and poor judgment caused by the head injury but that he would be amenable to mental health treatment. She testified that he has “cognitive issues” and would “have to have a repetition of information and no efforts [sic] making sure that he is alerting the information due to the memory problems.”
In arguing for a downward departure sentence, defense counsel argued that Ar-seneau suffered “closed head trauma and has had some mental health issues resulting from that.” After the State explained the beating Arseneau committed against his mother, defense counsel argued that it was probably a direct result “of what he suffered and ... the issues that Dr. McClain spoke about.”
Later on in the sentencing hearing, Ar-seneau addressed the court and again denied having committed the offenses against his mother. Even after the trial court sentenced him, he addressed the court again, claiming that he wanted “this investigated,” that he did not hurt his mother, that he had been waiting two years for a lawyer to help him, and that he did not know what he needed to do.
The record of both hearings does not conclusively refute Arseneau’s claim that he was incompetent. See Rivera v. State, 995 So.2d 191, 197 (Fla.2008) (“Under our postconviction rules, we must accept [the defendant’s claims as true and direct an evidentiary hearing on their validity unless the record conclusively demonstrates that [the defendant] is not entitled to relief.”). Arseneau answered questions in a way which suggested that he appreciated the charges and allegations against him and the possible penalties he faced and that he understood the adversarial nature of the proceedings. But he then asked the trial court questions indicating that he did not understand what was happening. Accordingly, Arseneau’s affirmative answers to the trial court’s limited questions were not sufficient to demonstrate his competency. See Savage, 530 So.2d at 1079 (reversing for an evidentiary hearing because defendant’s mental status was never addressed at the plea hearing and the record “reveals that [defendant's participation in the plea colloquy was limited almost entirely to affirmative responses to the questions posed to him by the trial court”).
In addition, because Arseneau had been uncooperative with defense counsel, it is not clear that he was able to disclose to *1284 counsel facts pertinent to the case or consult with his counsel with a reasonable degree of rational understanding. Furthermore, Arseneau’s mental health issues were discussed during both hearings but neither the trial court nor counsel ever addressed his competency. See Jackson v. State, 29 So.3d 1161, 1162 (Fla. 1st DCA 2010) (holding that plea colloquy did not refute defendant’s claim that counsel was ineffective for failing to investigate his competency because defendant’s competency was never addressed at the plea colloquy); Ortiz v. State, 968 So.2d 681, 686 (Fla. 1st DCA 2007) (“There is nothing in the portions of the record presented to this Court that would suggest how Appellant’s alleged depression and delusions may have affected his competence to enter a plea. Consequently, an evidentiary hearing was necessary to resolve this issue.”).
Because the record does not conclusively refute Arseneau’s claim that he was incompetent to proceed[1] and that counsel was therefore ineffective for failing to investigate his competency, the postconviction court erred in summarily denying this claim. See Houle v. State, 74 So.3d 143, 144 (Fla. 1st DCA 2011) (holding that record did not conclusively refute postconviction movant’s allegations that “counsel was aware of [movant’s] long history of mental illness, including the fact that he had been institutionalized multiple times, had attempted to commit suicide, was diagnosed as bi-polar, alcoholic and depressive, and had a long history of being on (and was currently on) psychotropic medications”). Accordingly, we reverse and remand for an evidentiary hearing on this claim.
Affirmed in part; reversed in part; remanded.
SILBERMAN, C.J., and LaROSE, J., Concur.

. When Arseneau first raised this claim, Arse-neau alleged that he may have been incompetent, which was insufficient to show that counsel was ineffective, i.e., that any prejudice occurred. On rehearing, Arseneau cured this defect by alleging that he was in fact incompetent at the time he entered his plea.