PER CURIAM.
Appellant, Bruce Niven Brock, challenges his conviction and sentence for possession of a firearm by a convicted felon. Appellant argues and, the State concedes, that the trial court erred in admitting evidence of a firearm that was unrelated to the charged crime.
The trial court allowed the State to introduce two firearms that were located within Appellant’s residence. However, the State only presented testimony that linked one of the firearms (State’s Exhibit 11) to the charged crime. There was no testimony or other evidence to show that Appellant actually possessed the second firearm (State’s Exhibit 12). Irrelevant collateral crimes evidence is presumed harmful because of the danger that a jury will interpret it as evidence of guilt. Agatheas v. State, 77 So.3d 1282, 1240 (Fla.2011). Because there is a reasonable possibility that the jury could have viewed the erroneously admitted evidence (State’s Exhibit 12) as showing Appellant’s bad character or propensity to possess firearms and a reasonable possibility that the evidence of the second firearm could have contributed to Appellant’s conviction, we reverse Appellant’s conviction and remand for a new trial.
REVERSED and REMANDED.
BENTON, C.J., DAVIS and ROBERTS, JJ., concur.