PER CURIAM.
The appellant challenges the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief, which was addressed to an aggravated battery conviction and in which the appellant presented several claims, including a contention that trial counsel was ineffective in failing to investigate and seek an evaluation regarding the appellant’s competence to stand trial. As alleged in the motion, and indicated in other documents in the record, the appellant was placed in a psychiatric ward upon his arrest, and continued to be held there while awaiting his aggravated battery trial. It was also alleged, and the record further confirms, that the appellant was declared incompetent to stand trial in another proceeding where he was represented by other counsel, just months after the aggravated battery proceeding.
The claim regarding counsel’s failure to investigate the appellant’s competency in the aggravated battery case is facially sufficient, and is not negated by the record attachments, and therefore should not have been summarily denied. See Williams v. State, 46 So.3d 118 (Fla. 1st DCA 2010); Jackson v. State, 29 So.3d 1161 (Fla. 1st DCA 2010); see also Houle v. State, 74 So.3d 143 (Fla. 1st DCA 2011).
The appealed order is reversed as to the denial of this ineffective assistance claim. The order is affirmed as to the denial of the other claims, and the case is remanded.
DAVIS, CLARK, and MARSTILLER, JJ., concur.