NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN D. FELDER,                          )
                                         )
          Appellant,                     )
                                         )
v.                                       )     Case No. 2D15-1562
                                         )
STATE OF FLORIDA,                        )
                                         )
          Appellee.                      )
                                         )
_____ )

Opinion filed August 5, 2016.

Appeal from the Circuit Court for
Hillsborough County; Lisa D. Campbell,
Judge.

John D. Felder, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


WALLACE, Judge.

          John D. Felder appeals a final order denying his amended motion to

vacate his judgment and sentences under Florida Rule of Criminal Procedure 3.850.

On appeal, he argues that the postconviction court erred in denying several of his

claims, including a claim that the State committed a <u>Brady</u>[1] violation, which was raised in his Supplement to Amended Motion to Vacate Judgment. We conclude that the postconviction court erred in summarily denying relief on Mr. Felder's <u>Brady</u> claim, and we reverse the denial of that claim and remand for further proceedings. We find no merit in Mr. Felder's additional appellate arguments, and we affirm the postconviction court's orders denying his motions in all other respects.

Mr. Felder was convicted of robbery with a firearm and aggravated battery with a deadly weapon following a jury trial. The offenses arose from an incident on November 1, 2009, in which three individuals attacked two women (Victim #1 and Victim #2) at gunpoint in Victim #1's driveway. One of the men attacked and robbed Victim #1, a second man attacked Victim #2, and the third man stood nearby. On November 4, 2009, during a statement to a detective employed by the Tampa Police Department, Victim #1 identified Mr. Felder for the first time as the man who had attacked her. At trial, Mr. Felder challenged Victim #1's identification of him as one of the perpetrators. However, the jury returned a verdict finding Mr. Felder guilty as charged, and the trial court sentenced him to concurrent terms of thirty-five years' prison on the robbery count and to fifteen years' prison on the battery count, with ten-year mandatory minimum sentences on both counts for his possession of the firearm. On August 19, 2011, we affirmed Mr. Felder's judgment and sentences in the underlying matter. <u>Felder v. State</u>, 68 So. 3d 241 (Fla. 2d DCA 2011) (table decision).

In July 2012, Mr. Felder filed a timely motion to vacate his judgment and sentences under Florida Rule of Criminal Procedure 3.850, alleging five claims of

---

[1]<u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

ineffective assistance of trial counsel. In February 2013, Mr. Felder filed an amended motion, alleging eight claims of ineffective assistance of trial counsel. He then filed his "Supplement to 'Amended Motion to Vacate Judgment and Sentence' " in April 2013, in which he asserted a ninth claim alleging a violation by the State of Brady v. Maryland, 373 U.S. 83 (1963).

In his Brady claim, Mr. Felder alleged that the State had failed to disclose favorable impeachment evidence that tended to refute Victim #1's identification of him as one of the perpetrators of the November 1 robbery. Specifically, he alleged that on November 2, 2009, the day following the robbery, an individual named Richard Roe[2] rode his bike past Victim #1's house and that Victim #1 identified Mr. Roe as the man who had robbed her on November 1. Some of Victim #1's friends chased Mr. Roe; the chase culminated in the shooting of Mr. Roe in the leg. Mr. Felder alleged that the State committed a Brady violation by failing to disclose Victim #1's identification of Mr. Roe as one of the perpetrators and Mr. Roe's shooting. Mr. Felder claimed that defense counsel could have used this information to impeach Victim #1's subsequent identification of him as her attacker. Mr. Felder further claimed that if Victim #1 had been impeached with this evidence, the outcome of his trial would have been different.

The postconviction court summarily denied this claim, stating that a Brady violation constitutes trial court error, which is not cognizable in a motion for postconviction relief. The postconviction court also found the alleged Brady violation was conclusively refuted by the record. The postconviction court explained that defense

_____

[2]"Richard Roe" is a fictitious name. We employ a pseudonym in this opinion to protect Mr. Roe's privacy.

- 3 -

counsel had filed a motion in limine in the trial court, seeking to exclude reference to "the shooting that occurred at or around [Victim #1]'s house."  The postconviction court drew the conclusion that defense counsel's reference in the motion in limine to "the shooting . . . around [Victim #1]'s house" referred to the shooting incident involving Richard Roe and that "counsel knew of the shooting of [Richard Roe]."  Based on an erroneous assumption that the record reflected that defense counsel had knowledge of the shooting of Richard Roe, the postconviction court concluded that the record conclusively refuted Mr. Felder's claim about the alleged Brady violation.

Initially, we observe that the postconviction court incorrectly concluded that a Brady violation is a trial court error that cannot be raised in a motion for postconviction relief.  The Florida Supreme Court has recognized that Brady claims may be raised in the postconviction context.  See Wickham v. State, 124 So. 3d 841, 851-52 (Fla. 2013) (holding that the circuit court properly denied postconviction relief on two alleged Brady violations because the defendant failed to establish the materiality prong on the first claim and the prejudice prong on the second claim); Rivera v. State, 995 So. 2d 191, 196-97 (Fla. 2008) (reversing the trial court's summary denial of the defendant's alleged Brady violations because the record did not conclusively demonstrate that the defendant was not entitled to relief on those claims).  In addition, this court has explicitly recognized that a Brady violation "is cognizable in a rule 3.850 motion." Gay v. State, 995 So. 2d 541, 543 (Fla. 2d DCA 2008) (citing Hempstead v. State, 980 So. 2d 1254, 1263 (Fla. 2d DCA 2008)).

More directly to the point, we disagree with the postconviction court's conclusion that Mr. Felder's claim is conclusively refuted by defense counsel's filing of

- 4 -

the motion in limine. As noted by Mr. Felder, the motion in limine sought to exclude "[e]vidence regarding the Defendant's character, including other crimes, wrongs, or acts, as the introduction of such evidence would be contrary to section 90.404 of the Florida Evidence Code." (Emphasis added.) The motion specifically sought to exclude comments about "[a]llegations of any and all uncharged conduct [by Mr. Felder]— including any mention of a shooting that occurred at or around [Victim #1]'s house." Thus the purpose of the motion in limine was to exclude reference to any uncharged bad acts *committed by Mr. Felder.* The persons allegedly participating in the shooting incident near Victim #1's house on November 2 were "unknown subjects," not Mr. Felder. The postconviction court's finding that defense counsel's reference to the shooting around Victim #1's house in the motion in limine referred to the incident involving Mr. Roe has no support in the record because Mr. Felder was not implicated in that incident.[3] Moreover, the record reflects that there was, in fact, an earlier shooting incident at Victim #1's residence to which defense counsel was likely referring in the motion in limine.

As noted by Mr. Felder, on December 4, 2009, Victim #1 reported to a Tampa Police Department detective that on October 4, 2009, "her house [had been] 'shot-up' with bullets," and that she believed that incident was related to the November

---

[3]Mr. Felder attached to his supplement to the amended motion to vacate a copy of the Tampa Police Department offense report concerning the November 2, 2009, incident with Mr. Roe. The report reflects that three "unknown subjects" approached Mr. Roe in an SUV after Mr. Roe rode by Victim #1's residence on a bicycle. Mr. Roe stated that the subjects told him that "he was the one that robbed them prior to this date." Thus the incident involving Mr. Roe did not necessarily concern "[a]llegations of any and all uncharged conduct" by Mr. Felder, and counsel's reference to a shooting in the motion in limine may have concerned an entirely different incident.

1, 2009, robbery. Thus it was likely that counsel was concerned about any suggestion at Mr. Felder's trial that Mr. Felder was involved in the incident in which someone shot at Victim #1's house on October 4, 2009, which was purportedly related to the November 1, 2009, robbery for which Mr. Felder was being tried. Accordingly, counsel's reference to a "shooting . . . around [Victim #1]'s house" in the motion in limine likely concerned the October 4, 2009, incident rather than the later incident involving Mr. Roe. In addition, nothing in the motion in limine suggests that defense counsel was aware that Victim #1 had claimed that Mr. Roe was her attacker shortly before she named Mr. Felder as her attacker. The State's alleged failure to disclose Victim #1's prior identification of Mr. Roe as her attacker is the crux of Mr. Felder's claim. Thus the record does not conclusively refute Mr. Felder's asserted Brady violation.

Accordingly, we reverse the summary denial of Mr. Felder's Brady claim in his supplement to the amended motion to vacate judgment and sentence, and we remand for further proceedings on that claim. We affirm the postconviction court's final order denying Mr. Felder's postconviction motions in all other respects.

Affirmed in part, reversed in part, and remanded.


CASANUEVA and KELLY, JJ., Concur.