# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4038

_____

LEON AKINS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

May 25, 2018

RAY, J.

Leon Akins appeals the summary denial of his motion for postconviction relief, which raised multiple claims of ineffective assistance of trial counsel. We agree with the postconviction court's thorough assessment of all but one of his claims. For the reasons discussed below, we reverse the denial of ground two of the motion.

Akins was convicted of first-degree murder, attempted first-degree murder, grand theft, and arson of a vehicle. He was sentenced to life in prison and his convictions and sentences were affirmed on appeal. *Akins v. State*, 181 So. 3d 486 (Fla. 1st DCA 2015).

Akins filed his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. In ground two of his motion, Akins alleged that counsel was ineffective for failing to investigate his sanity at the time of the offense and his competency to stand trial. He notes that prior to trial, his attorney filed a motion requesting the appointment of a mental health expert to evaluate Akins and report on "certain mental health issues." Counsel stated in the motion that she and co-counsel had met with Akins in jail on several occasions and that he "evince[d] serious mental problems." The motion recited that Akins has a long history of criminal offenses and a history of drug abuse, he appears to have serious cognitive learning disabilities, he has been previously detained under the Baker Act, and he has difficulty recalling the events leading up to the charges against him such that "he may have been suffering from a mental illness that rendered him unable to know right from wrong at the time of the offense."

The trial court granted the motion and appointed a mental health expert to determine (a) whether Akins was sane at the time of the crime, (b) whether Akins was intellectually disabled, and (c) whether there were mental health mitigators under section 921.141, Florida Statutes. In his postconviction claim, Akins asserts that the mental health examination never took place and there was never a hearing or determination concerning his sanity or competency. He alleges he was prejudiced because he was incompetent to stand trial and would have been declared insane at the time the offense was committed.

A claim that counsel failed to investigate a defendant's mental health or seek a competency determination is cognizable in a rule 3.850 motion. *Jackson v. State*, 29 So. 3d 1161, 1162 (Fla. 1st DCA 2010). Where no evidentiary hearing is held below, we must accept the defendant's factual allegations in the motion as true to the extent they are not refuted by the record. *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999).

Here, we conclude that Akins's claim is facially sufficient as his motion demonstrates that his attorney had serious concerns regarding his sanity and competency, yet allegedly failed to follow through with the mental health evaluation authorized by

2

the court. *See Jackson*, 29 So. 3d at 1162 (holding that claim that counsel was ineffective for failing to investigate competency or request competency hearing was facially sufficient where defendant alleged he had a long history of mental illness, had not taken schizophrenia medications, and was suffering from delusions and hearing voices at time of plea); *Williams v. State*, 46 So. 3d 118, 118-19 (Fla. 1st DCA 2010) (holding that claim that attorney was ineffective for failing to adequately investigate his mental health was facially sufficient where defendant alleged a history of mental health issues including severe depression and insomnia, for which he was taking multiple medications that affected his competency); *cf. Coker v. State*, 978 So. 2d 809, 810 (Fla. 1st DCA 2008) (holding that defense counsel's failure to draft an order for mental evaluation of the defendant after obtaining the judge's oral authorization amounted to ineffective assistance of counsel). Because the limited record before us does not refute Akins's facially sufficient claim, we reverse the summary denial of ground two and remand for the postconviction court either to attach record excerpts that refute the claim or to hold an evidentiary hearing on the claim. We affirm the denial of the remaining claims.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

ROWE and MAKAR, JJ., concur.

───────────────────────────

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

───────────────────────────

Leon Akins, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Anne C. Conley and Jason W. Rodriguez, Assistant Attorneys General, Tallahassee, for Appellee.

3