Wolf, J.
*291 Hector Andujar-Sanchez, appellant, challenges the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We find one issue raised by appellant has merit. The trial court erred in failing to conduct an evidentiary hearing on appellant's claim that counsel was ineffective for failing to obtain a competency evaluation.
Appellant alleged his counsel was aware that he was incompetent due to numerous mental illnesses. He asserted counsel obtained an order authorizing a mental health evaluation but failed to ensure the evaluation was completed. Instead, counsel permitted appellant to enter a guilty plea without objection. Appellant alleged he was unable to effectively communicate with his trial counsel or to exercise his constitutional rights essential to a fair trial due to his incompetence.
The postconviction court summarily denied this claim, finding it was conclusively refuted by the record. The court found that appellant failed to raise this issue in one of his motions seeking new counsel, during his plea colloquy, or in a motion to withdraw his plea. When entering his plea, appellant signed a written plea agreement form that stated he was "not under the influence of any ... condition (physical, mental, or emotional), which interferes with my appreciation of the entire plea agreement," and that he was "completely satisfied with the services rendered by my attorney." During the plea colloquy, the court did not ask appellant about his competence, though the court elicited confirmation from appellant that "every word" of the written plea agreement was "true." Thus, the postconviction court found the record conclusively refuted appellant's claim.
The postconviction court effectively placed the burden on appellant to have the wherewithal to understand his own incompetence and to personally bring it to the trial court's attention despite being represented by counsel. This was error. "A claim that counsel failed to investigate a defendant's mental health or seek a competency determination is cognizable in a rule 3.850 motion." Akins v. State , 247 So.3d 687, 689 (Fla. 1st DCA 2018).
In Akins , the defendant alleged counsel knew he had a long history of mental illness and obtained an order appointing a mental health expert to conduct an evaluation; however, an evaluation was never conducted and there was no hearing or determination on his sanity or competency. Id. He argued he was prejudiced because he was incompetent to stand trial and would have been declared insane at the time the offense was committed. Id. This court found this claim was facially sufficient because it "demonstrates that his attorney had serious concerns regarding his sanity and competency, yet allegedly failed to follow through with the mental health evaluation authorized by the court." Id.
Similarly in Jackson v. State , 29 So.3d 1161, 1162 (Fla. 1st DCA 2010), this court found a defendant raised a legally sufficient claim by alleging "he was incompetent and did not understand the consequences of his plea, that he had a history of mental illness, had not taken his schizophrenia medication, was suffering from delusions and hearing voices at the time of the plea and that he informed counsel of his condition." 29 So.3d at 1162. This claim was not refuted by a transcript of the defendant's plea colloquy because his "mental competency was never addressed." Id. Cf. Luckey v. State , 979 So.2d 353, 354 (Fla. 5th DCA 2008) (finding claim that counsel was ineffective for failing to obtain a mental health examination or take other actions relevant to the defendant's *292 mental health was insufficient where the defendant "has not asserted in his motion that he actually was incompetent to proceed to trial or insane at the time of his offense").
Here, as in Akins , appellant sufficiently alleged that he was incompetent, and his counsel had serious concerns regarding his competency yet failed to follow through with the mental health evaluation authorized by the court. Like in Jackson , appellant's competence was not discussed during the plea colloquy. Appellant sufficiently alleged prejudice by stating he was incompetent and unable to communicate effectively with his counsel. "Where no evidentiary hearing is held below, we must accept the defendant's factual allegations in the motion as true to the extent they are not refuted by the record." Akins , 247 So.3d at 689. Because the limited record before us does not refute appellant's facially sufficient claim, we remand for the postconviction court to conduct an evidentiary hearing on this claim. We affirm the denial of the remaining claims.
AFFIRMED in part, REVERSED in part, REMANDED .
Lewis and Ray, JJ., concur.